## SCHILLINGER vs. McCANN.

*S.* being the owner of a farm called the *Hall*-farm, consisting of the lot *No.* 60, and being indebted to *W*, mortgaged to him the lot *No.* 66 in the same town, without any other description, the parties supposing it to be a mortgage of the *Hall*-farm. Afterwards *S* sold the *Hall*-farm to *M*, taking, as part of the consideration, *M's* obligation to " cancel the mortgage given by *S.* to *W.* of the *Hall*-farm ;" which obligation he assigned to *W*, the mortgagee. In a suit brought on this obligation, by *W.* in the name of *S*, he declared, first, for money had and received; and in two other counts on the promise to cancel a mortgage, first as on the *Hall*-farm, called by mistake lot *No.* 66 ; and secondly as on lot *No.* 66, called by mistake the *Hall*-farm.

Hereupon it was *held*, that the written promise was not applicable to either of the special counts, the plaintiff not being at liberty in this respect to contradict his deed :—

But that the transfer of the contract to the mortgagee was an assignment of all the indebtedness of the promissor arising out of its subject matter ; so that the assignee, in an action for money had and received in the name of the original promissee, might recover to his own use the money thus left in the hands of the promissor.

The acknowledgment of payment of the consideration-money in a deed of conveyance, does not estop the grantor from showing that a part of the money was left in the hands of the grantee, to be applied to the grantor's use.

The defendant, in a suit in which his lands were attached, having granted the same lands pending the attachment ; his grantee cannot be a witness for him in that suit, his title being directly affected by a verdict for the defendant.

If the interest of a witness be discovered in any stage of the cause, even after an unsuccessful attempt to prove it, his testimony will be rejected.

In this action, which was *assumpsit*, the plaintiff, in the first count, charged the defendant with money had and received. In the second count, he alleged that whereas he and one *John Schillinger* had long before given their promissory note to *William C. Whitney*, secured by their mortgage deed of the *Hall*-farm, so called in *Poland*, but by mistake in said deed called lot *No.* 66 ; the defendant, in consideration that the plaintiff had then and there paid him $390,79 for that purpose, by his memorandum in writing promised the plaintiff to cancel said mortgage-deed, meaning that he would procure the discharge of said mortgage deed by the payment of said note in a

reasonable time; which he had not done. The third count was like the second, except that it described the mortgage as of lot *No.* 66, called by mistake the *Hall*-farm.

At the trial before the Chief Justice, it appeared that the mortgage deed was of lot *No.* 66, in *Poland*, without any other description; and it was agreed that the *Hall*-farm was a lot of a different number, being *No.* 60. In support of the second and third counts, the plaintiff offered in evidence a paper signed by the defendant, of the following tenor;—" *Poland, March* 10, 1829. I *David Mc-Cann* do agree to cancel the mortgage deed which was given by *William* and *John Schillinger* to *William C. Whitney* Esq. of the *Hall*-farm, so called. *David McCann*." On the back of this paper was the following transfer. " *June* 3, 1829. I hereby assign this writing to *Wm. C. Whitney*, for his security collateral for the payment of my notes to him, which were to have been supported by a mortgage of the *Hall*-farm; and of which I have given him a mortgage, unless there is a mistake in the deed. I also empower him to make use of my name to enforce the same. *Wm. Schillinger*." But the Chief Justice instructed the jury that this contract did not support either of those counts.

In support of the first count, the plaintiff read the copy of a deed from himself to the defendant, dated *March* 10, 1829, conveying a certain farm in fee, for the consideration of eleven hundred dollars therein acknowledged by him to have been received of the defendant. And he offered to prove by witnesses that about four hundred dollars, part of said consideration, had never been paid, but was left in the hands of the defendant, to pay the mortgage on the *Hall*-farm. The admission of this proof the defendant resisted, as contradicting the plaintiff's own acknowledgment in the deed; but the Chief Justice overruled the objection.

To rebut this evidence the defendant offered one *William Mc-Cann* as a witness; to whose competency the plaintiff objected, stating that he held a deed of one of the parcels of land which had been previously attached in this suit as the property of the defendant; and so had a direct interest in having the lien, thus created on his land, discharged by a judgment for the defendant. But it ap-

pearing on examination that this deed was executed prior to the attachment, the objection was given up, and the witness was examined. After the examination, it appeared that the witness held a deed from the defendant of another parcel of land attached in this suit, and executed subsequent to the attachment. Whereupon the counsel for the plaintiff renewed his objection to the competency of the witness; and the Chief Justice sustained the objection, and instructed the jury to disregard his testimony. A verdict was taken for the plaintiff, subject to the opinion of the court upon the competency of the testimony offered by the plaintiff under the first count; and upon the rejection of the testimony of the witness offered by the defendant.

*Fessenden* and *Deblois*, for the defendant, argued that the testimony offered by the plaintiff to support the first count was inadmissible, as it went to contradict his own deed, by which he is estopped. And they relied on *Steele v. Adams*, 1 *Greenl.* 1. They said that *Rex v. Scammonden*, 3 *D. & E.* 474, did not contradict this decision; as in that case the evidence offered went to support the deed, and beyond it, by proving the payment of a further sum. They contended against the authority of *Wilkinson v. Scott*, 17 *Mass.* 249, as an unwarrantable usurpation of chancery powers; as running counter to well settled principles, and decisions long acquiesced in; as destroying the symmetry of the law; and as founded on false assumptions respecting the course of transactions between the grantor and grantee. And it has been subsequently overruled in Massachusetts in *Griswold v. Messinger*, 6 *Pick.* 517; and is contradicted, in its main point, by *Powell v. The Monson & Brimfield Man. Co.* 3 *Mason*, 347. In this State, too, the principle of *Steele v. Adams,* has been reiterated in *Linscott v. Fernald*, 5 *Greenl.* 496. In Maine, Maryland, and North Carolina, the decisions are uniformly with the defendant. In New York and Pennsylvania, and sometimes in Massachusetts, they have been otherwise. 3 *Stark. Ev.* 1002, *note.* But the English decisions have been always in accordance with the old and sound rule, laid down in *Shep. Touchst.* 87, that a deed is one entire thing, to *all* parts of which the same rules of construction are equally applicable. *Baker v. Dewey*, 1 *Barn.*

& *Cresw.* 704 ; 5 *Dane's Abr.* ch. 160, *art.* 1, *sec.* 24. Rowntree *v. Jacob*, 2 *Taunt.* 141.

To the point of admissibility of the witness offered by them, they contended that if he had any interest, it was equipoised, and thus rendered him indifferent as to the result of the suit; since if the land should be taken from him, he would have his remedy over on the covenants in his deed. *Cushman v. Loker*, 2 *Mass.* 106 ; *Millwood v. Hallett*, 2 *Caines*, 77 ; *Staples v. O'Kines*, 1 *Esp.* 332 ; *Emerson v. The Providence hat manuf. co.* 12 *Mass.* 237 ; *Shuttleworth v. Stevens*, 1 *Camp.* 407 ; *Roberts v. Whiting*, 16 *Mass.* 186 ; *Bent v. Baker*, 3 *D. & E.* 27 ; *Rice v. Austin*, 17 *Mass.* 197 ; *Gifford v. Coffin*, 5 *Pick.* 447. Or, it was a contingent interest, which forms no ground of rejection. 2 *Stark. Ev.* 745 ; *Lewis v. Manley*, 2 *Yeates* 200 ; *Union Bank v. Knapp*, 3 *Pick.* 96. It was not like the case of bail, where the judgment against the principal is evidence against the bail ; for here the witness is liable to no action whatever. *Carter v. Pierce*, 1 *D. & E.* 163.

*Greenleaf* and *J. C. Woodman*, for the plaintiff, to the admissibility of parol evidence touching the consideration in the deed, cited *Sheppard v. Little*, 14 *Johns.* 210 ; *Wilkinson v. Scott*, 17 *Mass.* 249 ; *Bowen v. Bell*, 20 *Johns.* 338 ; *Hamilton v. Ex'rs. of Mc Guire*, 3 *Serg. & Rawle*, 355 ; *Jordan v. Cooper*, ib. 564 ; *Mare v. Miller*, 1 *Wash. C. C. R.* 328 ; *Weigley's adm'rs, v. Weir*, 7 *Serg. & Rawle*, 309 ; *Thompson v. Faussat*, 1 *Pet. C. C. R.* 182 ; *Ensign v. Webster*, 1 *Johns. Ca.* 145 ; *Duval v. Bibb*, 4 *Hen. & Munf.* 113 ; *Garrett v. Stuart*, 1 *McCord* 514 ; *Oneal v. Lodge*, 3 *Har. & McHenry* 433 ; *Kipp v. Denniston*, 4 *Johns.* 23 ; *Rex v. Scammonden*, 3 *D & E.* 474. They took a distinction between the cases where the grantor sought to defeat his own deed as a conveyance of title, or to limit and impair its operation in that respect ; and those in which he claimed the money as still due and payable to him, notwithstanding the receipt of payment in the deed ; contending that the doctrine of estoppel applied only to the former, and not to the latter ; and that on this principle nearly all the cases might be reconciled. And they examined the cases cited in *Steele v. Adams*, particularly *Wilkes v. Leuson Dy.* 169, cited from 2 *Shep. Abr.* 93,

insisting that they did not, in principle as thus distinguished, support the decision in that case.

To the other question they cited *Evans v. Eaton*, 1 *Pet. C. C. R.* 338 ; *Baldwin v. West*, *Hardin* 50 ; 2 *Stark. Ev.* 757, *note* ; 1 *Stark. Ev.* 122 ; *Fisher v. Willard*, 13 *Mass.* 379 ; *Turner v. Pearte*, 1 *D. & E.* 717.

MELLEN C. J. delivered the opinion of the Court at the adjournment in *August* following.

We are of opinion that the special contract which was offered in support of the second and third counts, was properly rejected, as not applicable to either of them. If the plaintiff can maintain the action, he must recover on the first count for money had and received. The case presents two questions, as to the correctness of the decisions of the judge who sat in the trial. 1. Whether the parol evidence which was objected to by the defendant should have been excluded. 2. Whether *Wm. McCann*, who was offered by the defendant, and whose testimony the jury were instructed to disregard, was a competent witness. As the more convenient course, we will reverse the order in which the objections were made, and in the first place examine the question respecting the competency of *McCann*. The principle of law on the subject of incompetency is stated in these words. 2 *Stark. Ev.* 744. " The interest to disqualify must be some legal, certain and immediate interest, however minute, in the result of the cause, or in the record, as an instrument of evidence acquired without fraud." In the leading case of *Bent v. Baker*, 3 *D. & E.* 27, and in *Smith v. Prager*, 7 *D. & E.* 60, the rule as laid down was " that no objection could be made to the competency of a witness upon the ground of interest, unless he were directly interested in the event of the suit, or could avail himself of the verdict, so as to give it in evidence on any future occasion, in support of his own interest." These are two distinct kinds of interest. *Starkie* says, page 746, " A party has such a direct and immediate interest in the event of a cause as will disqualify him, when the necessary consequence of a verdict will be to better his situation, by either securing an advantage, or repelling a loss ; he must be either

Schillinger *v.* McCann.

a gainer or loser by the event." So in *Buckland v. Tankard,* 5 *D. & E.* 578, Lord *Kenyon* says, " The whole question turns upon this, whether the witness's situation would not be bettered by the event of the verdict in this case. I am still of opinion that it would; for if the plaintiff should succeed, the witness would be put to much greater difficulties to get back the money, than if the plaintiff should be foiled by means of his testimony." It is true this case has been doubted. Ch. Baron *Gilbert,* in his law of Evidence, *vol.* 1, *p.* 106, 107, says, " The law looks upon a witness as interested, where there is a certain benefit or disadvantage to the witness, attending the consequence of the cause one way." In *Marquand v. Webb & al.* 16 *Johns.* 89, *Spencer J.* says, " My opinion proceeds upon the principle that whenever a fact is to be proved, and such fact be favorable to the party calling him, and the witness will derive a certain advantage from establishing the fact in the way proposed, he cannot be heard, whether the benefit be great or small." In *Bull. N. P.* 284, the same rule is laid down, that the witness must be excluded, if there is a certain benefit or advantage to the witness, attending the determination of the cause one way. It is admitted that an interest merely contingent, as that of an heir at law, is no disqualification of a witness; it must be a certain interest. Thus a creditor of an insolvent estate cannot be admitted as a witness for the administrator, in a suit brought by or against him; because his testimony would go to increase or prevent the diminution of the fund, from which the creditors are to receive their dividends. So an indorser of a writ cannot be a witness for the plaintiff; for if by his testimony the action can be maintained, he can never become liable for the costs; his testimony would tend to repel a loss, as *Starkie* expresses it. Now in the case before us, it appears that since the commencement of the action, *McCann,* the witness, has received a deed from the defendant of a piece of land which the plaintiff attached in this very suit, and that attachment now binds the title; if the witness, therefore, can by his testimony foil the plaintiff and defeat the action, he can thereby at once dissolve the attachment, and perfect the title under his deed; he is therefore directly interested in the event of this cause. It is said, however, that perhaps the plaintiff, if he should recover, would not

47

levy his execution on the land attached, and so the interest of the witness is not certain. Neither is it known whether an indorser of a writ will be called upon for payment of the costs which the defendant may recover; the plaintiff may be a man of fortune; still the indorser cannot be a witness, even though indemnified. The present case is one of those in which a witness is excluded on the ground of his interest in the event of the cause, and not an interest in the record. The case of *Carter v. Pearce*, cited by the counsel for the defendant, is expressly distinguished by the court from that of bail, whose interest is direct and immediate; and his interest is not more direct than that of an indorser of a writ, or that of *McCann* the witness. We have examined the cases cited by the defendant's counsel on the subject of competency, and find that they materially differ from the case at bar. In *Roberts v. Whitney* the court considered the testimony as equally favorable to both parties. In *Cushman v. Loker* the witness was liable at all events to one person or another; and to which of them, was an immaterial question to him. In *Gifford v. Coffin*, the witness was not interested in the event of the suit directly, and the court observed that the verdict could never avail him in a suit of his own. In *Union Bank v. Knapp*, the witness, on the *voire dire*, stated facts which the court decided would not render him liable to the bank, and, of course, he was not interested. In the other cases cited, the interest of the witness was balanced; he stood indifferent between two claimants. For the reasons we have given, we are all of opinion that the testimony of *McCann* was not admissible, and that the instruction of the judge to the jury, wholly to disregard it, was correct and proper.

The next question is of more difficult solution. As doubts have often been expressed with respect to the decision of this court in the case of *Steele v. Adams*, in consequence of the ruling of the judge at the trial, we have been called upon to review that decision, and the principles and authorities on which it was made, and those also opposed to it. And we have listened with much pleasure and profit to the re-examination of the subject at the argument, with an earnest desire to correct whatever should be found erroneous in our former opinion. The question is by no means free from difficulties; and

authorities are certainly in many instances, in opposition to each other. Several new decisions have been made, and several new authorities been cited in relation to the point, since the decision of *Steele v. Adams.* The decisions in Massachusetts seem not to be in perfect unison. In *Eveleth v. Crouch,* no consideration was in fact received for a piece of land conveyed with covenants of seisin and warranty ; yet the court would not allow that parol evidence should be received, even by way of reducing damages for breach of the covenants ; but decreed payment in full of the sum stated as the consideration of the deed. In *Wilkinson v. Scott* the court decided that acknowledgment of the payment and receipt of the consideration, on the face of the deed, is no estoppel ; but that the truth may be shown ; and such acknowledgment may be as well contradicted or explained as a common receipt. It is admitted that this case is different, in some important facts, from that of *Eveleth v. Crouch.* The case of *Griswold v. Messinger,* 6 *Pick.* 517, has been relied on by the defendant's counsel as overruling the decision in *Wilkinson v. Scott.* The language of the reporter in giving the judgment, does by no means necessarily lead to that conclusion. It is stated that the parol evidence was rejected as inadmissible. It might have been so, as contradicting the deed, or as not supporting either of the counts in the declaration, but clearly varying from them in all essential particulars. The cases cited from New York reports, and those of several other States, seem to be in unison with *Wilkinson v. Scott.* In Maryland and North Carolina, evidence of the kind offered in *Steele v. Adams* is considered as inadmissible. On the other hand the cases of *Rowntree v. Jacob, Powell v. The Providence Hat Manufactory,* 5 *Dane's Abr.* 160, *art.* 1, *sec.* 24, and the case of *Baker v. Dewey,* decided in England so late as the year 1823, have been cited in support of the case of *Steele v. Adams.* In the review of all these authorities, there seems to be no small degree of uncertainty still attending the subject. On the one hand, arguments founded on analogy and decisions conforming thereto, are urged and relied on ; on the other, it is contended that a receipt for and an acknowledgment of the payment of the consideration in the deed, though under the seal of the party, is to be considered as an exception from the general principle

of estoppel, which is admitted to be applicable to all other facts stated or recited in a deed. Such being the state of the question, and such being the ground on which we place the decision of the present cause, we have not deemed it advisable on this occasion to disturb the case of *Steele v. Adams.* We do not find it necessary so to do ; and shall therefore leave it as it stands, until some case shall present itself, distinctly requiring us to overrule or affirm it.

Our continued inquiry is, whether, in the case at bar, the parol proof objected to was properly admitted, and, when admitted, forms a basis which will support the verdict. In *Steele v. Adams,* the deed was delivered—no part of the consideration was paid, nor any security given—the defendant merely promised to settle for it, and then violated his promise. The facts of the case before us are in several respects different. The plaintiff was permitted to prove, and did prove, that the whole consideration of the conveyance from the plaintiff to the defendant was $1100, (about $700 of which was paid at the time,) and that about $400, part of the consideration, had never been paid to the plaintiff, but was left in the hands of the defendant to pay the mortgage on the *Hall* farm ; and at the same time, when the deed was so made, the defendant signed the agreement of the 10th of *March,* 1829, thereby agreeing to cancel the mortgage deed which was given by *William* and *John Schillinger* to *William C. Whitney,* of the *Hall* farm, so called. Thus the whole transaction in relation to the conveyance of the title, and the payment of part and security for the residue of the consideration, was closed at the same time. Now, what is the fair construction which this transaction and the defendant's agreement ought to receive ? This was accepted in part payment of the consideration, and as an equivalent for the sum left in the hands of the defendant, for the express purpose therein stated. It certainly must be competent for either party to show such facts as these, or the most gross injustice may be done in a thousand instances. Suppose A sells a tract of land to B, and makes a deed to him in usual form, containing an acknowledgment of having received the consideration of $500 ; and suppose also that at the time the deed is delivered, B gives A a promissory note for the $500. And suppose also that A should bring an action for the price

Schillinger v. McCann.

of the land, declaring upon the contract of sale in *assumpsit*. Surely in such case B might, in New York or Massachusetts, show that he gave the note to A, and that he received it in full for the consideration. Again, suppose that A should sue B on the $500 note, and B in defence should contend that the consideration was acknowledged in the deed to have been paid ; and that A was estopped to deny it ; and that therefore the note was given without any legal consideration ; could the defence be availing ? No ;—the plaintiff A, by proving that he received and accepted the note as payment of the consideration, would defeat the defence, and recover. Therefore, as *McCann* might have proved in defence, that his agreement of *March* 10, was accepted as payment of the consideration, or that part of it which was left in his hands ; and as such a defence would have been good against the claim of the $400 as an unpaid part of the consideration ; so on the other hand, the plaintiff might well prove, as he did on the trial, the foregoing facts, arrangement and special agreement of the defendant, for the purpose of showing that he does not, in this action, claim the payment of the $400, as an unpaid part of the consideration in the deed mentioned, but as a sum of money left in his hands and misappropriated by him, and for which he ought to account to the plaintiff, in consequence of the violation of his engagements. The before mentioned case of *Baker v. Dewey*, on which the defendant's counsel has placed so much reliance, upon a careful examination, will be found to warrant the construction we have given to the transaction between the parties on the 10th of *March*—a construction in full harmony with their declared intentions, and the justice of the case. In that case it appears that *Baker*, by deed, conveyed to *Dewey* certain real estate, for the consideration of fifty pounds, the receipt of which sum was acknowledged in the deed, and the defendant therefrom acquitted and discharged. Parol evidence was given at the trial, that at the time of the execution of the deed no money in fact passed ; and that *Dewey* stated that he was to work out the consideration money, in his trade as plumber and glazier. On a subsequent day *Baker* conveyed another piece of real estate to *Dewey*, in consideration of two hundred and fifty pounds, which was also by the deed acknowledged to have been received.

About eight months afterwards, both parties signed an agreement, not under seal, by which it was stipulated that *Dewey* was to retain sixty pounds out of the purchase money, and work it out as before mentioned. The question was whether, on such evidence, the plaintiff could recover. *Bailey J.* said " a party who executes a deed, is estopped in a court of law from saying that the facts stated in that deed are not truly stated." He observed, " he, (*Baker*) is precluded from saying that any part of the money remains due as purchase money. He might be at liberty, however, to show that, after the execution of the deed, part of the purchase money was returned on the terms of doing certain work for the plaintiff. Assuming that that could be considered as the legal effect of the agreement of the parties—the declaration does not contain any count to meet such a case." *Holroyd J.* said, " I incline to think, at present, that the parol agreements are not inconsistent with the deed. Both parties are estopped, by the deed, from saying that the whole purchase money was not paid. I doubt whether the true nature of the transaction may not be taken to be in effect, the purchase money's being stated and considered by the deeds to have been paid, as if after the execution of the deeds, and after the vendor had received the purchase money, as the deeds import, he returned to the vendee a part, in consideration of the latter's doing the work mentioned in the agreement—but assuming it to be so, there is no count applicable to such a case." The court accordingly set aside the verdict; but it is easy to perceive that, had there been a proper count for the purpose, they would have sustained the verdict, in support of the plain justice of the case.

We proceed now to examine the remaining facts, and ascertain whether the action is maintainable on the general count for money had and received. The sum of $400 was left in the hands of the defendant, to pay the mortgage on the *Hall* farm. Now it is alleged in the second and third counts that the land mortgaged to *Whitney* was lot No. 66, which was not the *Hall* farm, though it was supposed to be. It does not appear, nor is it pretended, that there was any other mortgage to *Whitney* than of the lot No. 66. There never was any mortgage of the *Hall* farm; and the defendant's agreement of *March* 10, has no reference to any other, and it

did not bind the defendant to cancel the mortgage on any other. Of course, no action could or can be maintained on that agreement, unless parol evidence could be admitted to shew the alleged mistake, by contradicting the express language of the mortgage deed ; and we have already given our opinion that such evidence could not legally be admitted. In this view of the case, it appears that the $400 were left in the hands of the defendant for the purpose of paying and cancelling a non-existing mortgage ; in other words, to be applied, appropriated and accounted for, in a manner which is impossible. The supposed consideration on which the money was left in the hands of the defendant has, therefore, wholly failed ; and being bound to pay it to no other person, why should he not be compelled to restore it to the plaintiff, instead of withholding it, and against equity and good conscience, appropriating it to his own use ? We are all of opinion that there must be

*Judgment on the verdict.*

After the foregoing opinion was delivered, *Fessenden* produced a release from the plaintiff to the defendant, of this suit and all demands ; which had been executed since the verdict ; and moved to have it entered of record as a discharge of the action ; contending that as *Whitney*, the assignee, had no right of action on the written promise, and the count for money had and received was now the only foundation of the suit, the money found due by the verdict was not within the terms of the assignment, and so belonged to the nominal plaintiff.

SED PER CURIAM. The promise was to pay off a non-existing mortgage. The assignment was not only of the paper, but of the indebtedness of the man who signed it, so far as relates to its consideration and subject matter ; and if the assignee cannot recover on the written promise, yet he may on any money counts, properly framed upon that transaction. Mr. *Whitney* therefore is the plaintiff in interest as to the money count also. The money was left in the hands of the defendant, for a purpose which cannot be accomplished ; and the plaintiff recovers it for the use of his assignee.

*Motion denied.*