## John M. C. Burbank *vs.* James B. N. Gould.

The acknowledgment of payment of the consideration money in a deed of land, does not preclude the grantor from showing by parol testimony, that a part of the money was left in the hands of the grantee, to be paid by him to a third person, for the benefit of the grantor.

Where the plaintiff conveyed a tract of land in mortgage, to secure a note from him to W, and then conveyed the same land to the defendant by deed of warranty, therein acknowledging that the consideration thereof was paid ; and the plaintiff received the defendant's note and mortgage for part of the consideration, and left the residue thereof in the hands of the defendant, who promised the plaintiff forthwith to pay the same to W, and take up the plaintiff's note and mortgage to W, of the same amount, but neglected and refused so to do ; and the note and mortgage to W, remained wholly unpaid ; although *it was held,* that the plaintiff was not estopped from showing these facts, yet it seems to *have been held,* that as neither party had paid or taken up the note and mortgage to W, that the plaintiff could not recover back the money thus placed in the hands of the defendant, but only nominal damages.

Exceptions from the Court of Common Pleas, Perham J. presiding.

Assumpsit for money had and received. To support his action, the plaintiff offered to prove by witnesses and by the deeds, that *February* 19, 1836, he made a deed of certain land to the defendant, for the consideration of $550. For part of this consideration, $363, the defendant gave his note to the plaintiff with a mortgage of the same premises, and promised to pay the balance, $187, forthwith to one *Wiggin,* and take up a note of the plaintiff's to *Wiggin* for that sum, secured by a mortgage of the premises conveyed ; that the plaintiff left that sum in the hands of the defendant, in consideration of which he agreed to pay the same to *Wiggin,* and that the defendant neglected and refused so to do. To the admission of this evidence the defendant objected, on the ground that it contradicted the plaintiff's own acknowledgment in the deed. The Judge overruled the objection, and the evidence was admitted. It was proved, that the note and mortgage to *Wiggin* still remained unpaid ; that *Wiggin's* mortgage was excepted in the deed to the defendant ; that no security or writing was given for the $187 ; and that no money was produced at the time the deed was given. The defendant requested the Judge to instruct the jury, that the evidence offered, did not support the declaration.

The Judge declined to give the instruction. The verdict was for the plaintiff, and the defendant filed exceptions.

The argument was in writing.

*Chandler & Paine,* for the defendant.

1. The parol evidence was not admissible, inasmuch as it contradicted the plaintiff's own acknowledgment in his deed to the defendant. *Steele* v. *Adams,* 1 *Greenl.* 1 ; *Griswold* v. *Messinger,* 6 *Pick.* 517 ; *Powell* v. *Monson, &c. Manf. Co.* 3 *Mason,* 347 ; 1 *Barn. & Cr.* 704 ; 2 *Taunt.* 141 ; 5 *B. & Ald.* 606.

2. The evidence offered, even if admissible, was not sufficient to support the action for money had and received. Nothing is due to the plaintiff; he has paid nothing to *Wiggin;* and the defendant's land is still held to pay the amount. *Eddy* v. *Smith,* 13 *Wend.* 488; *Mowatt* v. *Wright,* 1 *Wend.* 360 ; *Hall* v. *Shultz,* 4 *Johns. R.* 249.

3. The defendant having assumed the debt to *Wiggin,* and money having been left in his hands to pay it, a privity in law immediately arises between the defendant and *Wiggin,* sufficient for him to sustain his action against the defendant for the amount ; and this too, even though *Wiggin* was not made acquainted with the facts. 5 *Wend.* 235 ; 4 *Cowen,* 432 ; 10 *Johns. R.* 412 ; 12 *Johns. R.* 276 ; 3 *Johns. R.* 183 ; 10 *Mass. R.* 483 ; 17 *Mass. R.* 575.

4. The defendant is a *quasi* trustee, having the money in his hands to be applied to certain purposes ; "and when money is paid to a trustee for a specific purpose, it cannot be recovered back in assumpsit for money had and received, until it be shown that the trust is closed, and a balance is left." *Holt's Rep.* 500 ; 1 *T. R.* 133.

5. Nor is the breach of the promise to pay *forthwith,* sufficient to support the action for money had and received. The plaintiff must prove, that he has himself discharged the incumbrance, or been damnified by the delay. *Prescott* v. *Trueman,* 4 *Mass. R.* 627. In money had and received, the Court will inquire which party has the strongest equity, and give judgment accordingly. 13 *Wend.* 488.

*McDonald,* for the plaintiff, denied, that the evidence contradicted the acknowledgment in the deed. The whole consideration of

the deed had been settled and arranged between the parties, and a sum left with the defendant, to be paid to a third person. He cited, as · decisive in his favor, *Schillinger* v. *McCann,* 6 *Greenl.* 364. The money was left in the hands of the defendant by the plaintiff, to be appropriated immediately to pay *Wiggin.* On the defendant's misappropriating it, or refusing to perform his engagement in relation to it, the amount may be recovered back, as money in his hands, belonging to the plaintiff. The agreement was not to discharge a mortgage or assume a debt, but to· take so much of the plaintiff's money and carry it to another man. It is but the common case, where one sends money by another to pay a debt. No one ever supposed, that if the carrier refused to pay the money, that the owner was without remedy. *Denny* v. *Lincoln,* 5 *Mass. R.* 385. The case of *Prescott* v. *Trueman,* has no application to this case. That was an action on the covenants of warranty, alleging an existing mortgage as an incumbrance. If the defendant had brought an action on the covenants of his deed, the case would have applied. But it is no authority in favor of withholding the plaintiff's money, and at the same time refusing to pay it over according to the plaintiff's direction and his own promise. *Schillinger* v. *McCann,* before cited, is a sufficient answer.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — If the plaintiff, after receiving the consideration for which he sold his land, had left a portion of it to pay the amount due on the mortgage to *Wiggin,* and the defendant had received it, promising to pay it over, he would have been liable upon his promise, and in proving the consideration, there would have been nothing inconsistent with the deed. Such being the arrangement, contemplated by the parties for their mutual accommodation, if they chose to consider it as done, without the formality of a payment of that portion of the purchase money to the plaintiff, to be received back again by the defendant, we are not aware that such a ceremony is required, to give legal efficacy to his stipulation.

The plaintiff acknowledged in the deed the receipt of the consideration, which is not controverted by the admission of the de-

Burbank *v.* Gould.

fendant, that he received a sum of money, which may have been part of the consideration, to be paid over to a third person. It was a deposit, appropriated for a special purpose. The defendant received it in trust, to be applied according to its destination, by appointment between them. In principle, it is like the case of *Schillinger* v. *McCann*, cited in the argument. It is true, the promise there was in writing; but the question was open as to the consideration, which depended altogether upon parol testimony. The objection here is not in relation to the promise, but to the consideration upon which it is based. It is urged, that it contradicts the acknowledgement in the deed. So it was there; but the objection was overruled, the Court being of opinion that what was there done, was equivalent to a deposit of part of the consideration money, to be applied according to the promise of the defendant. The parties did not in that case go through the ceremony of paying and repaying the money. A retainer of part of the consideration was regarded by the parties, and held by the Court, to have had the same legal effect. Nor was it necessary that the promise should be in writing. *Dearborn* v. *Parks*, 5 *Greenl.* 81. In *Baker* v. *Dewey*, 1 *Barn. & Cres.* 704, the Court manifestly incline to the opinion, that such an arrangement might be sustained, without contradicting the receipt of the consideration in the deed.

Upon the deposit and appointment of the plaintiff, and the promise of the defendant, we doubt not *Wiggin*, the mortgagee, could have maintained a personal action against the defendant for the money. The authorities cited by the defendant's counsel, as well as the case of *Dearborn* v. *Parks*, sustain this position. It would seem also, that the plaintiff, the immediate promissee, from whom the consideration moved, may maintain an action. 1 *Com. Dig. Assumpsit, E*; *Taylor* v. *Foster*, Cro. *Eliz.* 807. Yet where the breach is no damage to the promissee, it has been otherwise held. *Levet* v. *Hawes*, Cro. *Eliz.* 619, 652; *Rippon* v. *Norton*, *ib.* 849. In the case before us, the promise was not only directly made to the plaintiff, but he was to derive a benefit from its performance, as it was to pay a debt incurred by him, and for which he continued liable. But he has yet paid nothing to *Wiggin*, who may look to his collateral security, and not call upon him. If he takes the land, and enforces payment from the defendant to redeem it, the plaintiff

will be relieved from his liability. Until he pays, his damages can be only nominal. If he had paid, the defendant might be regarded as holding the money, deposited with him, to the plaintiff's use. Upon the facts it is questionable, whether the defendant can be answerable, even for nominal damages, in this form of action. Perhaps he might upon a count properly framed.

To say nothing of the interest *Wiggin* has in the fund and the promise made upon it, the defendant has an interest, at least as strong as that of the plaintiff, in its appropriation to the payment of the mortgage, by which his land is to be relieved from the incumbrance. If the plaintiff is suffered to retain his verdict, the defendant is compellable to pay, leaving his land still encumbered. The mortgagee may resort to the land, which he must either lose, or pay the money a second time. And under the peculiar circumstances of this case, we are very clearly of opinion, that the plaintiff cannot, in any form of action, recover any thing more than nominal damages, until he pays the money to the mortgagee. The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.