## BECKER, Appellant, vs. KNUDSON, Respondent.

*September 7 — September 26, 1893.*

*Deed: Covenant against incumbrances: Estoppel: Parol evidence: Manner of paying consideration.*

1. After the execution and delivery of a conveyance of land the grantee retained the entire consideration under an agreement that he would apply it to the payment of existing incumbrances, against which there was a covenant in the deed. Afterwards, upon a settlement between the parties, the grantee represented that he had paid a certain incumbrance, and took credit therefor, though he had not in fact paid it. *Held*, that he was estopped thereafter to claim a breach of the covenant by reason of said incumbrance.

2. Parol evidence of the above facts did not tend to contradict or vary the effect of the deed or covenant.

3. Parol evidence is admissible to show in what manner the consideration named in a deed is to be paid.

APPEAL from the Circuit Court for *Dane* County.

This is an action on the covenant against incumbrances in a deed of conveyance from the defendant to the plaintiff of a certain farm, dated June 1, 1871, except as to two certain mortgages thereon, and the entire consideration for the conveyance was $2,600. There were quite a number of other incumbrances by judgments for small amounts, and among them one against the defendant in favor of S. L. Sheldon, docketed July 30, 1867, upon which execution had issued, and the farm had been sold June 28, 1870, to said Sheldon for $83.75, and the certificate of sale had been assigned to W. A. P. Morris. Subsequently, April 12, 1878, the farm remaining unredeemed, it was conveyed by sheriff's deed to Morris, and on the 17th of June, 1878, the plaintiff was compelled to pay him $500 to regain the title, which sum, with interest, he sought to recover in this action. It was contended and proved on behalf of the defendant, and found by the court (under objections on the part of the plaintiff that parol evidence was not admissible to contradict, vary, or explain the deed or covenant in question), in substance, that at the time of the execution and delivery of the deed, as the defendant was then unable to pay off the incumbrances on the farm, the plaintiff was to retain the entire purchase money,— $2,600,— and with and out of it pay off all existing incumbrances against the land, and account for and pay over the balance to the defendant; that the plaintiff failed to redeem said sheriff's certificate of sale on the judgment in favor of Sheldon, although he had timely notice of its existence; that the parties had a settlement in relation to the moneys he had paid out for incumbrances and to the defendant, about two

years after the date of the deed, when they had and used an abstract of title procured at the joint expense of the parties, which showed all incumbrances against the land, including the Sheldon judgment and certificate of sale thereon; that the plaintiff represented to the defendant and claimed that he had paid all incumbrances so shown, and the parties settled on that basis, the defendant believing such claim to be true, and the plaintiff then paid over to him the balance found due to the defendant,— $68.15; that the defendant thereafter gave the matter of said incumbrances no further attention. This was about six years before the sheriff's deed was executed to Morris. The failure of title complained of was caused by the neglect of the plaintiff to apply in payment and redemption of the sheriff's sale the moneys retained by him for that purpose, as he had agreed to do. There was considerable conflict in the evidence, but it sustains the finding of the court. Judgment was given for the defendant, and the plaintiff appealed.

The cause was submitted for the appellant on the brief of *J. M. Becker*, and for the respondent on that of *J. W. Leary* and *Richmond & Smith*.

PINNEY, J.   The contention of the plaintiff that the evidence to sustain the defense was not admissible is, we think, founded upon a misapprehension of the nature of the transaction and the purpose for which the evidence was introduced. After the execution and delivery of the deed the plaintiff retained the entire consideration and held it upon the trust and agreement that he would apply it to the payment of existing incumbrances on the land, which the defendant was bound by his covenant to pay, and in the payment of which the plaintiff had a special interest. He assumed and undertook to do with the defendant's money what the defendant was himself in duty bound to do. The

plaintiff was not bound to take upon himself this trust or duty, but having undertaken it and entered upon its performance it was his duty, without other consideration, to use ordinary care and vigilance in that behalf, and for a failure to do so he would be liable for the damage ensuing. *Jones v. Parish*, 1 Pin. 494. He took credit in the subsequent settlement with the defendant for having paid off the incumbrance, when he had not in fact paid it, and he seeks by this action to charge the defendant with the consequences of his own misrepresentation and subsequent negligence. To allow him to do so would be to permit him to take advantage of his own wrongful conduct, and would operate as a surprise and fraud upon the defendant. According to the effect of the finding of the court, the plaintiff still holds the defendant's money to the amount of the incumbrance complained of as a breach of the covenant in question, and he now contends that this incumbrance was not in fact paid off as he represented when he settled with the defendant and obtained credit for the amount upon the faith of his representation of payment. The defendant, relying upon the truth of this representation, gave the matter no further attention until it was too late to redeem the premises. The plaintiff cannot be allowed now to change his position. In getting in the title on the sheriff's sale he has simply performed a duty he owed to the defendant. In equity, as between these parties, this incumbrance must be treated as having been paid, and the plaintiff is now estopped to claim to the contrary. This is the result of the plainest principles. The evidence in question did not contradict, vary, or change the effect of the deed or covenant. It did not show or tend to show that the incumbrance was not to be paid off by the defendant, but that it was to be paid out of his own money in the plaintiff's hands for that purpose, and that, in consequence of the plaintiff's representations

that he had paid it and taking credit therefor in the settlement, and the defendant's reliance thereon until after the time for redemption had expired, he is estopped from asserting that the title founded on the sheriff's deed which he has bought in is a breach of the defendant's covenants in his deed. In buying in this title to protect himself in the possession of the farm, as to the defendant, he was at a late day performing the duty he had long owed to him. Manifestly, he cannot found a cause of action upon this fact. Besides, the evidence showed in what manner the consideration named in the deed was to be paid, and parol evidence was clearly competent for that purpose. *Schillinger v. McCann*, 6 Me. 364; *Burbank v. Gould*, 15 Me. 118; *Dearborn v. Parks*, 5 Me. 81, 17 Am. Dec. 206, and cases there cited; *Altringer v. Capeheart*, 68 Mo. 441; *Drury v. Tremont Imp. Co.* 13 Allen, 171; *Hahn v. Doolittle*, 18 Wis. 196.

The defendant's covenant against incumbrances was broken by the existence of the incumbrances as soon as made, and turned in respect to them into mere rights of action. It was competent, not only for the parties to agree in what particular manner this covenant should be extinguished, but how and in what manner the cause of action which had incidentally accrued on it should be discharged. The case in this respect is in principle the same as *Jones v. Keyes*, 16 Wis. 562, where the defendant gave the plaintiff his note for the price of certain letter boxes, drawers, and post-office furniture, with a parol agreement that each should receive his proportionate share of the rent of the boxes, etc., during the quarter when the defendant took possession of the office, and that his share, when ascertained and received, should be indorsed on the note, and it was held competent to show by parol such contemporaneous agreement as to the manner in which the note was to be

paid.   The evidence admitted in this case was clearly com-
petent for  similar  reasons, and it showed the  plaintiff had
no right of action, as the circuit court rightly held.

*By the Court.*— The  judgment  of  the  circuit court  is
affirmed.