SANBORN & WARNER v. GEORGE H. PLOWMAN.

No. 877.

**Attorney and Client—Written Contract for Fee—Mistake—Pleadings.**

A written agreement between attorney and client stipulated that the attorney was to collect a note of the client by suit for a commission of five per cent, one-half to be paid as retainer when the suit was filed, and the other half when the collection was made. The maker of the note defended, and the collection was effected only after an appeal to the Supreme Court; and the attorney having charged more than five per cent and retained it out of the collection, the client brought suit to recover back such excess. Defendant answered, alleging that both parties, in making the contract as to the fee, contemplated that the maker of the note would pay as soon as sued, and had entered into the contract upon that basis. Held, that such defense was at variance with the contract, and could not be entertained, unless upon further averment that through some fraud, accident or inadvertence the contract failed to embody the real agreement of the parties.

ERROR from the County Court of Dallas. Tried below before Hon. T. F. NASH.

*DeArmond & Church* and *K. R. Craig*, for plaintiffs in error.—1. When parties reduce a contract to writing, they are presumed to embody in it the terms and stipulations as finally agreed to and to which they mutually consented. Gonzales College v. McHugh, 39 Texas, 348–9; Wooters v. Railway, 54 Texas, 299; Milliken v. Callahan Co., 69 Texas, 210; Lynch v. Ortlief, 70 Texas, 730; Adair v. Adair, 71 Amer. Dec., 779; Chitty, Contracts, 11 Am. Ed., 153 and notes.

. 2. When an agent expressly agrees with his principal as to the amount of his compensation, such agreement is conclusive. Mechem on Agency, sec. 603; Wallace v. Floyd, 27 Penn. St., 184, 72 Am. Dec., 620; Hamilton v. Frothingham, 59 Mich., 253.

3. When an agent is employed at a fixed remuneration and the principal imposes additional duties, but without stipulating for an increased compensation, the rate fixed will be deemed to be full compensation, and no extra compensation can be recovered for the performance of the added duties. Mechem on Agency, sec. 646, and the numerous authorities in note 1 thereunder.

*George H. Plowman*, for appellee.—1. Fraud, accident or mistake are always admitted to vary the terms of a written contract. No authority is needed to sustain this proposition.

2. Where plaintiff procured a written contract by fraud, as was done in this case, the written contract is thereby vitiated, and defendant can recover for services rendered.

3. Where a party is employed to do certain work under contract and is required to do extra labor outside of the contract and not included in or contemplated by the contract, such party is entitled to pay for same.

JAMES, Chief Justice.—The petition of Sanborn & Warner, merchants, alleged that on September 3, 1885, they held a note and an account against R. V. Tompkins of Dallas, and wrote a letter to Geo. H. Plowman, a practicing attorney in Dallas, stating that they had such claims, and asking him to name the fee he would charge for the collection of same, to state fee for each claim separately, stating fee in the event the collection should be made without suit, and fee in event it should be necessary to bring suit therefor. That in answer, defendant wrote stating that if the note and account should both be paid upon presentation, he would charge one hundred dollars for the whole matter; but if not, and suit should be brought, he would charge five per cent, to-wit: 2½ per cent to be retained—that is paid in advance—and 2½ per cent when claim should be collected, which terms were agreed to by plaintiff who, on September 5, 1885, sent defendant the account, which plaintiff alleged was subsequently eliminated from the transaction. That on December 19, 1885, plaintiff in further acceptance of the proposition of defendant by letter, sent him the note to be collected by him upon the terms aforesaid and directing that the proceeds (after deducting defendant's fees as aforesaid) should be remitted to plaintiff. That de-

fendant by letter acknowledged the receipt of same, and thereupon entered upon the work of collecting the note. Plaintiff alleged that defendant collected the note with interest and ten per cent. damages for delay by appeal to the Supreme Court, and after deducting therefrom all the fee to which he was entitled under their agreement, retained therefrom the further sum of $634.34, for which this suit is brought.

The answer neither denied nor admitted in terms the contract alleged, and charged that if any such contract was made, it was based upon the representation of plaintiff and the mutual understanding that the services that defendant would have to perform would be to present the note at Tompkins' place of business in Dallas, when it would likely be paid, for which service defendant would receive $100; but if this did not happen, all that defendant would have to do would be to bring suit, when Tompkins, who could not "stand to be sued" would pay right away, and that plaintiff would, in the event suit had to be brought, pay defendant five per cent of the amount of the note, and pay the usual fee on the open account. That Tompkins did not pay, as expected, when sued, but defended the cause and appealed from the judgment rendered against him. Defendant insists that the misrepresentation so made by plaintiff was fraudulent; that by reason of such misrepresentation defendant was misled and deceived, and that the understanding the parties had at the time of making the contract in this respect was a mutual mistake which formed the very basis and condition of the contract made. That therefore the same was not binding, and defendant was entitled to charge plaintiffs the reasonable value of the services he rendered in the suit, and that the sum he had retained was within the reasonable value of such services. Defendant further plead in reconvention for certain other matters between him and plaintiffs, which it is not necessary to notice on this appeal. The charges show that the account did not figure in the suit.

The record is without a statement of facts, and there was a verdict and judgment for defendant. The charge of the court recognizes the written contract between the parties, and makes the finding of the jury turn on whether or not it was based upon and induced by the verbal understanding previously had between the parties as alleged. Defendant, in his brief, says that his answer admitted the written contract, and while we think his answer did not do so, yet it is apparent from the pleadings and the charges that the written contract alleged was in evidence. This and matters stated in the answer would have entitled plaintiff to recover, but for the plea above mentioned, which, in the absence of a statement of facts, we must assume was sustained by proof. The only question to consider on the appeal is whether or not the allegations of the answer, if proved, made a defense.

We may eliminate at the outset the question of the representations of plaintiff as to what Tompkins would do, being a fraud on the defendant. They were, in their nature, mere opinion or supposition, unmistakable as such, even had they been stated as a fact, which no person of ordinary

discretion was justified in relying upon. Kerr, Fraud and Mistake, 82.

There is more force in the averment that both parties, in making the contract, had in contemplation that Tompkins would pay as soon as sued, and that they entered into the contract upon that basis. In other words, that the contract was founded upon a mutual mistake as to that fact. If there is any defense stated in the answer, it, in our opinion, is found in this theory of mutual mistake.

The theory that the parties had in view that defendant was to do nothing more than file the suit, is at variance with the contract they made by their correspondence. We must look to the writing to ascertain what the parties intended, and if it appear from such contract, either expressly or by necessary implication from its terms, that it was intended that defendant should collect the note by suit, that is, conduct it to collection, the defense now being considered should not be entertained, unless upon the further averment that it was through some fraud, accident or inadvertence that it failed to embody the real agreement.

The written evidence of their agreement shows that the purpose of the transaction was to have defendant collect the note by suit, if it was not paid on demand. No other intention is consistent with the provision that upon bringing the suit defendant was to have $2\frac{1}{2}$ per cent in advance as retainer, and the other $2\frac{1}{2}$ per cent when the claim should be collected. The answer avers that it was the expectation of the parties that Tompkins would pay at once when sued, and that it was the intention that defendant should then receive the five per cent. This is utterly inconsistent with the stipulation that only $2\frac{1}{2}$ per cent should be paid at that time, the other $2\frac{1}{2}$ afterwards, when collected. The terms fixed by defendant for his service must be considered in connection with the letter asking his terms. That letter, in plain language, asks him to name the fee he would charge for the collection of the claims, stating fee for each claim, how much in the event collection should be made without suit, and how much in event it should be necessary to bring suit therefor, meaning for the collection of the claims. The intention of the parties as gathered from their correspondence was that defendant should sue for and collect the claim, and this intention appearing from the written evidence they made of the contract, the state of facts set up in the answer cannot be entertained, except, as before stated, upon averment that by some fraud or accident the writing failed to express the contract that was made. As defendant's services only were contracted for, defendant would be entitled to any advances necessary or proper that he made in conducting the litigation.

Therefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 18, 1896.