EZRA D. HASKINS, Respondent, *v.* JOHN DERN, Appellant.

CONTRACT IN WRITING — PAROL EVIDENCE — WHEN NOT ADMISSIBLE. CONTRACT TO RETURN SHARES OR PAY MONEY NOT A BAILMENT. CONTRACT IN ALTERNATIVE — SUM NAMED NOT A PENALTY — LIABILITY OF OBLIGEE UPON FAILURE TO EXERCISE OPTION. DEBTOR'S OPTION — FAILURE TO EXERCISE — RIGHTS OF OBLIGEE.

1. *Contract in writing — Parol Evidence — When Not Admissible.*
   In the absence of fraud, mistake, or ambiguity, parol evidence is not admissible to vary the terms of a written contract.

2. *Contract to Return Shares or Pay Money Not a Bailment.*
   A contract to return certain shares of stock within a time limited, or pay a fixed amount per share therefor, is not a bailment, and upon a failure to return the stock within the limit the holder becomes liable for the amount agreed upon.

3. *Contract in Alternative — Sum Named Not a Penalty — Liability of Obligee upon Failure to Exercise Option.*
   Where a party, upon a good consideration, binds himself to do a certain thing or pay a stipulated sum of money at his option, the contract being in the alternative, the sum named is not a penalty, and upon his failure to do the certain thing he is absolutely bound to pay the stipulated amount.

4. *Debtor's Option — Failure to Exercise — Rights of Obligee.*
   Where a debtor has the election to pay either money or property within a certain time, and he fails to exercise his option and make a tender at the time fixed, he loses his election, and the obligee has the right to demand the money.

(Decided March 16, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff on a memorandum of agreement for the delivery of certain stock or the payment of a sum in

the agreement mentioned. . From a judgment for plaintiff defendant appeals. *Affirmed.*

*Messrs. Pierce, Critchlow & Barrette,* and *J. E. Frick, Esq.,* for appellant.

The writing in question contains all the elements of a bailment and not a single element of a sale. Am. and Eng. Ency. of Law, 2d ed., Vol. 3, p. 33.

If Mr. Dern bought his stock as the court ruled, then he bought it on the 20th day of December, 1895, and the title was in him from that date, subject to being divested by his returning the stock. In such a sale the title passes immediately. Story on Sales, Sec. 249; *Kitchkiss* v. *Higgins,* 52 Conn., 205; 25 Am. Rep., 582, and note at p. 586. See also, The Elgee Cotton Cases, 22 Wal., 195.

For the purpose of showing that the title does not pass under a writing similar to the one in question, the case of *Dunlap* v. *Gleason,* 16 Mich., 158, is very much in point. See also *Chamberlain* v. *Smith,* 44 Pa. St., 431; *Porter* v. *Pettingill,* 12 N. H., 299.

This writing will be searched in vain for a single word whereby respondent agrees to anything whatever. In what part of it does he agree to part with the title, and in what part does he agree to receive any sum of money or other thing of value for such title? As a bailment, the agreement is certainly good, for the reason that in bailment the delivery and receipt of the property is a good consideration for the promise to return the same, or to pay for it on failure so to do. The receipt of it by the bailor alone is sufficient upon which to base a promise to return it; in fact, such a promise is implied as a part of the transaction. In a purchase and sale, however, another element is indispensable. The vendor must agree to part

with his title, the essence of ownership, for a consideration, and the vendee must agree to receive the title, not merely possession, for the consideration expressed. *In a sale there is more than a mere change of possession, there is, and always must be, both the intent and the actual change of ownership of the property as between the parties to the agreement. These essentials must not only be concurrent, but also mutual. Lester* v. *Jewett,* 12 Barber, 503; *Mers* v. *Insurance Co.,* 68 Mo., 127; *R. R. Co.* v. *Dane,* 43 N. Y., 242; *Maynard* v. *Brown,* 41 Mich., 298.

The following cases all, in some form, pass upon the question that mutuality is indispensable to an enforcible contract. *McKinley* v. *Watkins,* 13 Ill., 140; *Stiles* v. *Mc Clellan,* 6 Colo., 89; *Railway Co.* v. *Mitchell,* 38 Tex., 85; *Bean* v. *Burbank,* 16 Me., 458; *Stembridge* v. *Stembridge,* 87 Ky., 91 (7 S. W., 611); *Wilkinson* v. *Heavenrich,* 58 Mich., 576 (26 N. W., 139); *Stensgaard* v. *Smith,* 43 Minn., 11 (44 N. W., 669).

As to admission of parole evidence see Jones on Evidence, Vol., 2, Secs. 458–60; *Case Mfg. Co.* v. *Saxman,* 138 U. S., 436; *Farmer's L. & T. Co.* v. *Coml. Bank,* 82 Am. Dec., 689; *Springsteen* v. *Sampson,* 32 N. Y., 706.

The parties did not make (the time fixed for the return of the property the essence of the agreement) in express terms, and there is nothing in the agreement from which such an intention can be inferred. *Sanford* v. *Weeks,* 38 Kan., 319; *Lynch* v. *Bechtel,* 48 Pac., 1113.

*Messrs. Bennett, Harkness, Howat, Bradley & Richards,* for respondent.

Parol evidence is not admissible to vary the terms of a written agreement. *Moyle* v. *Congregational Society,* 50

Pac., 806; *Cohen* v. *Jackaboise*, 59 N. W., 665; *Hostetter* v. *Anman*, 20 N. E., 506; *Singer Mfg. Co.* v. *Sults*, 47 N. E., 341; *Association* v. *Townley*, 65 N. W., 1062; *Mc Shane Co.* v. *Padian*, 142 N. Y., 207; *Reid* v. *Diamond Plate Glass Co.*, 85 Fed., 193.

Parole evidence is not admissible to show that a written agreement was not intended to be binding upon the parties according to its terms. *Atkinson* v. *Blair*, 38 Iowa, 156; *Barhydt* v. *Bonner*, 55 Iowa, 717; *Bacon* v. *Green* (Fla.), 18 So., 870; *Washabaugh* v. *Hall* (S. D.), 56 N. W., 82; *Phelps* v. *Sargent* (Minn.), 76 N. W., 25.

Under the guise of showing a partial failure, or want of consideration, defendant can not introduce parole evidence that varies the terms of the written agreement. *Atherton* v. *Dearmond*, 33 Iowa, 353; *Works* v. *Hershey*, 35 Iowa, 340; *Dickson* v. *Harris*, 60 Iowa, 727; *Bank* v. *Foote*, 12 Utah, 157.

In the absence of fraud, mistake, or ambiguity, the written agreement is the only competent evidence of the contract. *Sylvester* v. *Carpenter Paper Co.* (Neb.), 75 N. W., 1092.

Nor does it make such testimony competent that the terms of the contract are unreasonable, and the terms sought to be made by the parole testimony are reasonable. *Sanborn* v. *Plowman* (Tex.), 35 S. W., 193; *Colorado City* v. *Townsend* (Colo.), 47 Pac., 663.

A written acknowledgment that there is due a certain sum of money ''on settlement this day,'' can not, in the absence of fraud or mistake, be varied by oral testimony in regard to such settlement. *San Antonio Lumber Co.* v. *Dickey* (Tex.), 27 S. W., 955.

In a suit upon a note, payable absolutely, defendant can not give evidence that he took property of plaintiff to sell and dispose of, as if it were his own, and sold it to

A., and took A.'s note therefor, which was not collected and was uncollectible, and he gave plaintiff the note in suit, with oral agreement that it was not to be paid unless as notes were paid.   *Underwood* v. *Simons*, 12 Met., 275 *Rose* v. *Learned*, 14 Mass., 154; *Spring* v. *Lovett*, 11 Pick, 417; *St. Louis Perp. Ins. Co.* v. *Homer*, 9 Met., 39; *Allen et al.* v. *Furbish*, 4 Gray, 504; *Smith, Admr.* v. *Thomas*, 29 Mo., 307.

The distinction between a bailment and an agreement of "sale or return," is, that in case of bailment the person to whom possession is given is under the obligation to return the identical property; in a case of "sale and return," he may at his option return the property or pay for it at the agreed price.   1 Beach on Contracts, Sec. 746; *Powder Co.* v. *Burkhardt*, 97 U. S., 110, 116; *Sturm* v. *Boker*, 150 U. S., 312; *Dearborn* v. *Turner*, 16 Me., 17; *Bushwell* v. *Bickwell*, 17 Me., 344, 346, citing Jones on Bailments and Story on Bailments; *Perkins* v. *Douglass*, 20 Me., 317; *Hunt* v. *Wyman*, 100 Mass., 198.

We contend the law to be, that where a party upon a good consideration binds himself to do a certain thing, or pay a stipulated sum of money, at his election, the contract being in the alternative, the sum named is not a penalty, and on failure to do the certain thing he is absolutely bound to pay the stipulated amount.   *Pearson* v. *Williams*, 24 Wend., 244; *Stevens* v. *Herzler*, 19 So., 838; *Texas, etc., Co.* v. *Marlor*, 123 U. S., 687; *Perry* v. *Smith*, 22 Vt., 302; *Cleveland, etc., Co.* v. *Kelly*, 5 Ohio St., 180; *Nobles* v. *Bates*, 7 Cow, 307; *Taylor* v. *Smith*, 49 N. Y. S., 41.

Where the debtor has the election to pay either money or property, if he fails to make tender on the day fixed for payment, he thereby loses his election, and the obligee has the right to demand money.   *Pearson* v.

*Williams*, 24 Wendell, 244; *Texas, etc., Ry. Co.* v. *Marlor*, 123 U. S., 687; *Roberts* v. *Beatty* (Pa.), 21 Am. Dec., 410; *Farmers' L. & T. Co.* v. *Canada, etc., Co.*, 127 Ind., 250, 11 L. R. A., 740; *Renwick* v. *Goldstone*, 48 Cal., 554.

The mere readiness and willingness to pay the debt when due amounts to nothing without an offer or tender of payment by him and a refusal by the creditor.    25 Am. & Eng. Ency. of Law, 916, and cases cited.

Tender of property easily carried, if no place is named, should be made at the residence of the creditor.    25 Am. & Eng. Ency. of Law, 920, and cases cited.

No demand for return of the stock was necessary, and it was the defendant's duty to tender it.    *Texas, etc., Ry. Co.* v. *Marlor*, 123 U. S., 687; *Taylor* v. *Smith*, 49 N. Y. S., 41.

MINER, J.

On December 20, 1895, the plaintiff Haskins was the owner of 2,010 shares of capital stock of the Silver Lode Mining and Milling Company, and on that day he caused a certificate thereof to be made out in the name of the defendant Dern, and delivered the same to him, whereupon the defendant executed and delivered to the plaintiff an agreement in writing as follows:

"SALT LAKE CITY, UTAH, Dec. 20, 1895.

"Received of Ezra D. Haskins one certificate of stock in the Silver Lode Mining & Milling Company for two thousand and ten shares, No. 46, issued in the name of John Dern.    I agree to return this stock to said Ezra D. Haskins on August 1, 1896, or pay to the said Ezra D. Haskins the sum of one dollar per share therefor.    Said

John Dern agrees to pay all legal assessments levied upon said stock during the time he holds the same. It is agreed that if Hudson Smith takes up the option which he has on fifty thousand shares of the capital stock of said company, that Mr. Dern will return said stock to said Haskins upon the taking up of said option.

JOHN DERN.''

The defendant not having returned the stock or paid for the same on August 1, 1896, the plaintiff on August 26, 1897, brought this suit on the above agreement, alleging ownership of the stock on December 20, 1895, the delivery of it to the defendant, the execution of the contract, the failure to return the stock within the time named in the contract, and the refusal of the defendant to pay for the same at the time named.

The defendant in his answer admitted that the stock was the property of the plaintiff on December 20, 1895, the delivery of the stock to him, and that he executed and delivered to the plaintiff the contract sued upon. For further answer and as an affirmative defense, the defendant alleged that the stock was delivered to him under the following conditions, and for the following purposes, to wit: The stock of the company consisted of 100,000 shares; that defendant and his associates were the owners of 48,000 shares; that the 2,010 shares, when added to the 48,000 shares, constituted a majority of the stock; that plaintiff was desirous that defendant and his business associates should control the company, and to accomplish that result a certificate was made out in the name of the defendant for 2,010 shares owned by the plaintiff, and delivered to the defendant with the intent that defendant should have power to vote the same at the meeting of the company, between December 20, 1895, and August 1,

1896; that defendant received the 2,010 shares for no
other purpose, and under no other agreement, and for no
other consideration, and that he faithfully carried out the
conditions upon which he received the stock, and at all
times, from December 20, 1895, to and including August
1, 1896, he had the stock in his possession, and ready and
willing to deliver it to the plaintiff upon demand; that
the stock was at all times, from December 20, 1895,
worth not to exceed ten cents per share; that since August
1, 1896, the defendant has frequently offered to return
the stock to plaintiff, who refused to receive the same;
that plaintiff never demanded return of the stock, or noti-
fied the defendant where nor to whom he should de-
liver it.

Upon the case coming on for trial it was admitted by
counsel for defendant that defendant did not return the
stock to the plaintiff on August 1, 1896, and the plaintiff
rested.    Thereupon the defendant called witnesses and
offered to prove the affirmative allegations in his answer.
To the testimony offered the plaintiff objected, which ob-
jection the court sustained.  The defendant rested, and the
court directed a verdict for the plaintiff.  The defendant
appeals to this court.

The questions arising in the case are: 1st. Was parol
testimony admissible to alter or vary the terms of the
written agreement?  2d. If not so admissible, was the
agreement a contract of bailment only?  3d. Was the
one dollar per share the price agreed upon for the stock,
or a penalty for damages sustained, if any?  4th. Was the
defendant's liability to pay one dollar per share fixed upon
his failure to return the stock on August 1, 1896, or could
he absolve himself from liability by offering to return the
stock later, and after suit brought?

It appears that the defendant received the stock made

out in his own name, and that he executed the agreement named. No fraud or mistake is alleged or proved in the whole transaction. In the absence of fraud, mistake, or ambiguity parol evidence is not admissible to vary or explain the terms of a written instrument.

It appears that the defendant received the stock and agreed to return it to the plaintiff on the 1st day of August, 1896, or pay him one dollar per share for the same. No ambiguity is apparent from the agreement any more than would arise from a promise contained in a promissory note. There being no fraud, mistake, or ambiguity plead or found in the written contract, it was not competent to vary or explain it, nor was evidence under the circumstances and the situation of the parties admissible to alter or explain the terms of the written agreement. *Moyle* v. *Congregational Church*, 16 Utah, 69, 50 P. R., 806; *Bank* v. *Foote*, 12 Utah, 157; *Cohen* v. *Jackaboise*, 59 N. W., 665; *Atkinson* v. *Blair*, 38 Iowa, 156; *Silvester* v. *Carpenter*, 75 N. W., 1092; *Sanborn* v. *Plowman*, 35 S. W., 193; *San Antonio Lumber Co.* v. *Dickey*, 27 S. W., 955; *Wakefield* v. *Stedman*, 12 Pick, 562; *Adams* v. *Wilson*, 12 Met., 138.

2d. The able counsel for appellant contends that this was a contract of bailment and not a contract of sale or conditional sale. A bailment is defined to be "the delivery of goods for some purpose upon a contract express or implied, and after the purpose has been fulfilled, they shall be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until he reclaims them." 3 Am. & Eng. Ency. of Law (2d ed.), 733.

It is true that the defendant agreed to return the stock at a specified time, but this was wholly at his option. He had the option to return the stock on the 1st day of August, 1896, or pay one dollar per share therefor and

retain it.   Defendant's right to retain the stock up to August 1, 1896, negatives the right of the plaintiff to demand and receive it prior to that time.

In cases of bailment the property of one person is temporarily placed in the hands of another with the absolute right of the owner to call for it, and the absolute right of the bailor to deliver it on request, at the expiration of the time he is entitled to hold it.

Under this contract those rights did not exist because the defendant had the right to return the stock at a specified time, whether the plaintiff desired such a return or not, or to pay $1 per share therefor and retain it, whether the plaintiff so desired or not.   The plaintiff was not entitled to a return of the property on demand, if the defendant tendered payment therefor.   When the defendant paid the money he canceled his obligation, and the plaintiff had received all he had the right to demand. Under the agreement no obligation was imposed upon the defendant to return the stock, because he had the option to return or pay for it.   He chose to retain it, and was therefore liable to pay the contract price.

In Story on Sales (3d ed.) Sec. 249, it is said: "A contract 'on sale and return,' is an agreement by which goods are delivered by a wholesale dealer, to a retail dealer to be paid for at a certain rate, if sold again by the latter; and if not sold, to be returned.   There is a similar class of cases where the vendor delivers goods sold, and takes the promise of the vendee to return them within a limited time, or a reasonable time, if none be limited, or pay a sum of money therefor; in these cases, the property by the delivery vests in the vendee, subject to an option in him to return the goods within the time; if the vendee exercises this option by so returning them, the contract of sale falls to the ground, and is defeated, as if it never had been; if he does not, the sale becomes abso-

lute, and the price of the goods may be recovered in an action for goods sold and delivered.　Reasonable time for return is of course dependent wholly upon the peculiar circumstances of each particular case.''

In 1st Beach on the Modern Law of Contracts, Sec. 746, it is said: ''The class of contracts known as contracts of 'sale or return,' exist where the privilege of purchase or return is not dependent upon the character or quality of the property sold, but rests entirely upon the option of the purchaser to retain or return.　In this class of cases the title passes to the purchaser, subject to his option to return the property within a time specified, or a reasonable time; and if before the expiration of such time, or the exercise of the option given, the property is destroyed, even by inevitable accident, the buyer is responsible for the price.　The recognized distinction between bailment and sale is, that where the identical article is to be returned in the same or in some altered form, the contract is one of bailment, and the title to the property is not changed.　On the other hand, when there is no obligation to return the specified article, and the receiver is at liberty to return another thing of value, he becomes a debtor to make the return, and the title to the property is changed.　In such a case the transaction is a sale.''　*Powder Co.* v. *Burkhardt,* 97 U. S., 110; *Sturm* v. *Boker,* 150 U. S., 312; *Dearborn* v. *Turner,* 16 Me., 17; *Buswell* v. *Bickwell,* 17 Me., 344; *Perkins* v. *Douglass,* 20 Me., 317; *Hunt* v. *Wyman,* 100 Mass., 198.

In *Hunt* v. *Wyman,* 100 Mass, 198, the court say:

''An option to purchase if he liked is essentially different from an option to return a purchase if he should not like.　In one case, the title will not pass until the option is determined.　In the other, the property passes at once, subject to the right to rescind and return.''

In the absence of the time being specified, the purchaser

may return the property in a reasonable time. In the case at bar the time is specified by the parties, and controls. In this case the contract was not to return the property, but to return it or pay for it at the value specified. The parties were named. The price was agreed upon. The conditions were named. The delivery of the stock by the plaintiff to the defendant was made. In consideration of such delivery the promise was made to pay for it. The agreement to sell was evidenced by the delivery of the stock and the acceptance of the agreement by which defendant was to pay a specified sum for such stock, at a specified time, if he did not return it. By express stipulation in the contract, the defendant also agreed to pay all assessments levied on the stock during the time he held it, and if Smith should take up the option which he has on 50,000 shares of the 100,000 shares of the capital stock, that the defendant will return the 2,010 shares to the plaintiff upon the taking up of the option. This stipulation did not change the defendant's liability under the contract.

It is evident that the 2,010 shares of stock in question gave the defendant and his associates the control of the mine. With such control the defendant might burden the mine with assessments and reduce the value of the stock. It was, therefore, good business judgment to require the defendant to pay all assessments levied on the stock while he held it, in case he elected to return it. We see no reason why this condition should affect the other obligation on his part to return the stock at a specified time, or pay a certain price for it. The agreement on the part of the defendant to return the stock in case Smith took up the option was an absolute agreement and not dependent upon his option or the happening of any contingency. As Smith did not take up the option, the right of the defendant in the stock was in nowise affected so far as

this case is concerned, and his contract relations are not now affected by such provision.

3d. The defendant also contends that the contract on the part of the defendant to pay one dollar per share if he did not return the stock was a penalty, and not a price agreed to be paid for the stock. A penalty is a punishment imposed by law or by contract for doing or failing to do something that it was the duty of a party to do. In this case there was no duty imposed upon the defendant to return the stock. He could either return it, or pay the stipulated price for it. If he elected to keep the stock and pay for it, it would not follow that the agreed price was a penalty for a failure to return it, because he was under no obligation to return it. His obligation was to return or pay for it. The contract obligation imposed a duty. A penal obligation is different from an alternative obligation. When the obligation is an alternative one, it is held that if the party bound by it fails to perform that which would release him from payment of the amount named, then he is bound to pay the money according to the terms of the agreement, and where the amount stated is a penalty, the party can only recover the actual damages that are sustained. While there are decisions to the contrary, we are of the opinion that under the facts of this case, where a party, upon a good consideration, binds himself to do a certain thing, or pay a stipulated sum of money at his option, the contract being in the alternative, the sum named is not a penalty, and on failure to do the certain thing he is absolutely bound to pay the stipulated amount. *Pearson* v. *Williams*, 24 Wend., 244; *Stevens* v. *Herzler*, 19 So., 838; *Texas, etc., Ry. Co.* v. *Marlor*, 123 U. S., 687; *Perry* v. *Smith*, 22 Vt., 302; *Cleveland Co.* v. *Kelley*, 5 Ohio St., 180; *Nobles* v. *Bates*, 7 Cowan, 307; *Taylor* v. *Smith*, 49 N. Y. S., 41.

In *Railway Co.* v. *Marlor*, 123 U. S., 702, the court

say: "The cases cited by the defendant on the question of damages do not apply to an alternative contract like that in the present case. It falls within those cases in which, if the contract be that the promisor shall do one of two things by a certain day, at his election, he can not exercise his election after the day has passed. This is familiar law, and needs no citation of authorities."

Where a debtor has the election to pay either money or property, if he fails to make tender at the time fixed for payment, he thereby loses his election, and the obligee has the right to demand the money. *Railway Co.* v. *Marlor*, 123 U. S., 687; *Pearson* v. *Williams*, 24 Wend., 244; *Roberts* v. *Beatty*, 21 Am. Dec., 410; *Renwick* v. *Goldstone*, 48 Cal., 554; *Taylor* v. *Smith*, 49 N. Y. S., 41.

We conclude that under the agreement named, the title to the stock passed to the defendant, subject to his option to return it on the 1st day of August, 1896, or to pay for it at one dollar per share on that day; that having retained the stock for nearly one year after the time limited in the contract for him to return the same, or pay for it at the agreed price, he has become liable for the amount agreed to be paid for the same, as found by the trial court.

We do not deem it necessary to discuss the other questions raised in the appellant's brief. We find no reversible error in the record.

The judgment of the District Court is affirmed, with costs.

Bartch, C. J., and Baskin, J., concur.