W. C. HALL, Respondent, v. JOHN McNALLY et al., Appellants.

PAROL EVIDENCE—VARYING WRITTEN AGREEMENT—ADMISSIBILITY—JUDGMENT—RES ADJUDICATA—APPEAL.

1. Where several parties contract in writing for the sale of realty for an expressed consideration, parol evidence of an agreement by some of such parties to allow the grantee a certain sum on account of commissions may be admitted over objection that it varies the written agreement.

2. Under an option contract for the conveyance of realty, a deed was placed in escrow to be delivered on payment. The deed was delivered to the grantee, but part of the consideration was retained by the depositary because of a dispute to to its ownership, whereupon the grantors sued the grantee to annul the deed. The court found the deed properly delivered, and dismissed the complaint. Subsequently the depositary, by bill of interpleader, sought to determine the ownership of the fund retained by him. *Held*, that the grantee's answer in such former suit did not estop him from asserting claim to such fund retained under an agreement with the grantors, since the only question involved in the former suit was whether the deed was properly delivered.

3. In a suit to determine the ownership of a part of the consideration for the conveyance of realty, which was claimed as commissions by the grantee, the question of grantee's right to commissions for procuring the sale, not having been urged in the trial court, can not be raised on appeal.

BASKIN, J., dissenting.

Decided June 26, 1901.

Appeal from District Court, Salt Lake County.—*Hon. A. N. Cherry,* Judge.

Bill of interpleader by William C. Hall against John McNally and others to determine the ownership of certain

money in his possession, and claimed by defendants. From a judgment settling ownership and ordering payment, defendants McNally and another appeal.

AFFIRMED.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood* for appellants.

*Messrs. Pierce, Critchlow & Barrette* and *Farnsworth & Lund* for respondent.

MINER, C. J.—It substantially appears from the record that on the twenty-first day of February, 1900, plaintiff, Hall, had $1,000 in his hands, which respondent Farnsworth claimed. Appellants, McNally and Harrington, denied Farnsworth's right, thereto, and themselves claimed the money. Plaintiff, Hall, not wishing to take the risk of paying the money to either party, filed this bill of interpleader against all the defendants. It further appears, in substance, that on May 4, 1899, McNally, Harrington and wife, and McDonald and wife, entered into an option contract in writing to sell the Antelope group of mines to Farnsworth. Each of the three contractors owned an undivided one-third interest in the mines. The consideration expressed was $30,000, and was to be paid in three payments. The last payment of $15,000 was to be made within six months. The option contract was placed in the hands of Hall, the plaintiff, and also a deed placed in escrow, to be delivered on payment of the money. A question arose between the parties as to the payment of commission. It is claimed by Farnsworth that an oral agreement was made between himself and McNally and Harrington whereby they agreed that Hall should deduct out of their share of the $15,000 the sum of $2,000 commission for the sale of the

property, rather than have the sale go under; that McDonald was not a party to such agreement, and refused to pay his proportion of the commission. One thousand dollars of this commission was to be paid to John Free, and $1,000 to Farnsworth. Free afterwards waived his claim. McNally and Harrington notified Hall not to deliver the deed until the full amount of $15,000 was paid. When due, Farnsworth tendered Hall $14,000, claiming no more was due. Hall refused to deliver the deed unless the full sum was paid. Thereupon Farnsworth paid the whole amount to Hall. The appellants dispute the right as to the payment of the commission, and the testimony on that subject is in conflict. On full payment of the $15,000, Hall delivered the deed to Farnsworth, who recorded it, and thereupon paid McNally and Harrington the amount due them, less the $1,000, which was retained by him until a right to the same had been determined. Harrington and McNally thereupon brought suit No. 2856 against Farnsworth to annul the deed, claiming that Hall had no right to deliver the same until they were paid the full balance of the $15,000. Farnsworth answered, claiming he had paid the full sum due on the option contract to Hall. The court found the deed was properly delivered, and dismissed the complaint. McNally and Harrington thereupon demanded payment of the balance of $1,000 from Hall, and this suit was instituted by Hall to determine who was entitled to the money. After hearing the proof, the court found that Farnsworth was entitled to the money, and ordered its payment accordingly. From this judgment McNally and Harrington appeal.

1. Appellants claim that the court erred in receiving parol testimony tending to show the agreement between Farnsworth on the one part and McNally and Harrington on the other to allow the former $1,000 on account of commission, on the ground that the original contract was in writing, free from ambiguity, and parol evidence was inadmissible to vary the

terms thereof. The general doctrine, as frequently announced by this court, doubtless is that, in the absence of fraud, mistake, or ambiguity, parol evidence is not admissible to vary or explain the terms of a written instrument. Moyle v. Society, 16 Utah 69, 50 Pac. 806; Bank v. Foote, 12 Utah 156, 42 Pac. 205; Haskins v. Dern, 19 Utah 89, 56 Pac. 953. The respondent admits this rule to be correct, but says he does not seek to vary its terms, or to claim under the written agreement; that he claims under an independent contract, whereby McNally and Harrington agreed to allow him $1,000 out of their share of the last payment of $15,000, and that, therefore, the principle above announced is inapplicable to the facts herein; that the contract sued upon is not the original contract for the sale of the property, but an independent contract between McNally and Harrington on the one part and Farnsworth on the other, and that they are different and other parties than those who signed the original contract, one of the parties to the original contract not being a party to this agreement. It is also claimed that the consideration named is not part of the contract, and that such consideration may be explained or varied. We are of the opinion that the evidence was properly admitted. The testimony introduced did not go to the promise itself, but to the consideration of the promise; and it did not relate to the promise made by all the parties to the written contract, but to an independent promise and consideration, agreed upon by only two of the several parties to the option contract with the respondent, as to the manner of paying the consideration. Parol evidence is admissible to show what the parties agreed might be done with the consideration, and in what manner the consideration named in a deed is to be paid, but not to change the contract itself. Becker v. Knudson, 86 Wis. 14, 56 N. W. 192. If Farnsworth's testimony tends to change the contract itself, it should be re-

jected.   2 Jones, Ev., sec. 475.   Formerly it was held, al-
though there was much conflict in the opinions, that the clause
stating the consideration in a deed or other instrument under
seal must be held conclusive on the parties like other parts of
the instrument, and was not open to contradiction or explana-
tion; but more modern decisions settle the rule that, although
the consideration expressed in a deed is prima facie the sum to
be paid, it may still be shown by the parties that the real con-
sideration is different from that expressed in the written instru-
ment.   As said in Goodspeed v. Fuller, 46 Me. 147, 71 Am.
Dec. 572:   "The only effect of the consideration clause in a
deed is to estop the grantor from alleging that it was executed
without consideration, and to prevent a resulting trust in the
grantor.   For every other purpose it may be varied or ex-
plained by parol proof."   Wilkinson v. Scott, 17 Mass. 249;
Clapp v. Tirrell, 20 Pick. 247; Thayer v. Viles, 23 Vt. 494;
White v. Miller, 22 Vt. 380; Bowen v. Bell, 20 Johns. 338,
11 Am. Dec. 286; 2 Jones, Ev., sec. 476; Velten v. Carmack
(Or.), 31 Pac. 658, 20 L. R. A. 101; Cardinal v. Hadley, 158
Mass. 352, 33 N. E. 575.   In Becker v. Knudson, 86 Wis. 14,
56 N. W. 192, it was held that parol evidence is admissible to
show in what manner the consideration named in a deed is to
be paid.   Schillinger v. McCann, 6 Me. 364; 2 Jones, Ev., sec.
476; Velten v. Carmack (Or.), 31 Pac. 658, 20 L. R. A. 101,
and cases cited.   In Burbank v. Gould, 15 Me. 118, it was
held that the acknowledgment of payment of the consideration
money in a deed of land does not preclude the grantor from
showing by parol testimony that a part of the money was left
in the hands of the grantee, to be paid by him to a third per-
son, for the benefit of the grantor.

2.   The appellants also contend that by reason of the pro-
ceedings and decree in Harrington and McNally against Farns-
worth (No. 2856), wherein Farnsworth answered, and the
court found that he had paid Hall the full amount of the

money due on the contract, the latter is estopped and precluded from claiming said $1,000 in this action, and the rights of Harrington and McNally to said money are now *res adjudicata*, as well as the fact that the money was paid to and held by Hall for them. It is no doubt true, as held in Davis v. Wakelee, 156 U. S. 689, 15 Sup. Ct. 555, 39 L. Ed. 578: "It may be laid down as a general proposition, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." But, we do not find the facts, as shown by the record in case No. 2856, such as will bring the case under that rule. The purpose of that action was to set aside and cancel the deed executed by the mine owners to Farnsworth, and left with Hall in escrow, to be delivered to Farnsworth on the payment by him of the full consideration remaining unpaid. The court found, after a full hearing, that the plaintiffs had no right or title to the property named in the complaint, that Farnsworth was the owner of it, and that it was properly delivered by Hall to him. The real question in litigation was whether the deed was properly delivered to Farnsworth on payment by him to Hall. Hall had required Farnsworth to pay into his hands the full amount of $15,000 owing and unpaid on the contract, out of which Farnsworth claimed his commission, before he would deliver to him the deed. The commission was only to be paid out of the last payment of $15,000. It was not necessarily to be deducted until the $15,000 was paid; nor had Farnsworth the right to deduct it or segregate it. The contract of sale was an entirety. Fifteen thousand dollars was due to three persons— $5,000 to each—one of whom was not interested in the commission. When the amount was paid to Hall, the provisions of the contract were complied with and satisfied as between all

the parties to it. Until the $15,000 was paid, the conditions of the contract were not complied with; but, as between Mc-Nally and Harrington, who had $10,000 interest in the last payment, and Farnsworth, something else remained to be done. It was the payment by Hall to Farnsworth of the $1,000 agreed to be paid him by McNally and Harrington out of their share of the payment. Hall paid it, as the court found he had a right to do under the facts found. Under such a state of facts, Farnsworth could properly allege in his answer that the full sum named in the contract had been paid to Hall. He could not obtain the deed, or perform his part of the contract, until the full sum was paid into Hall's hands. It was left for Hall, who held the escrow, to make the division, and pay over the money, as agreed, rather than to Farnsworth. Neither in the court below, nor in this court on appeal, was any question made by either party that, because Farnsworth was named as grantee in the contract for the sale of the mines, he was not entitled to a commission for procuring said sale. Whether he was not acting for others does not clearly appear. In any event, this is not a jurisdictional question, and therefore should not be raised by this court, on its own motion, when the parties herein have failed to raise it in either court, and content themselves by relying upon the issues raised in the record. If the appellants agreed to pay the commission, they are not in a position to revoke their agreement while accepting the benefits arising under it. Under the facts we see nothing inconsistent in the position taken by Farnsworth; neither do we find the agreement void under the statute of frauds. The testimony was conflicting and contradictory. Counsel for the appellants do not, in their brief, rely upon or discuss the errors assigned that there is no evidence to sustain the findings or decree, and we have, therefore, taken the facts as found by the trial court to be correct.

The writer of this opinion wishes to express his apprecia-

tion for the able manner in which the case has been argued and submitted by counsel in their respective briefs. The judgment of the district court is affirmed, with costs.

*Bartch, J.,* concurs.

BASKIN, J. (dissenting).—It appears from the record that Philo T. Farnsworth was the purchaser of the mining property described in the deed placed in escrow with the plaintiff, and that said deed in terms conveyed said mining property to him. In his answer he alleged that the "deed was to be held by the plaintiff, W. C. Hall, and delivered to him on the fourth day of November, 1899, upon the complete and final payment of the purchase price of said property." Until the final payment was made, he was not, by the terms of the written contract, subject to which the plaintiff held the deed, entitled to have the same delivered to him. He made the payments provided for in said written contract, and when made, and the deed was delivered, it is clear that the grantors became the owners of all of the money so paid to the plaintiffs, if proof of the contemporaneous verbal agreement between Farnsworth and McNally and Harrington was admissible. Farnsworth admits, as shown by the quotation of his answer, hereinbefore made, that under the written contract he was to pay to the holder of the deed in escrow the full purchase price of the property. The contemporaneous verbal agreement varies the written contract in that respect, and therefore it was error to admit evidence in proof of it. Again, as Farnsworth was the purchaser and grantee of the property, the allowance of a commission is an anomaly. "The term 'commission' legally imports a sum allowed as compensation to a servant, factor, or agent who manages the affairs of others in recompense for his services." 6 Am. and Eng. Enc. Law (2 Ed.), 228; Bouv. Law Dict., 361.