BLOOD v. WILKINS ET AL.

1. **Conveyance:** COVENANT: SATISFACTION OF. Where, upon a conveyance with covenant of warranty, the grantor furnishes the grantee with money sufficient to remove an incumbrance, the covenant is satisfied.

2. ——: ——: MEASURE OF DAMAGES. Where the grantee undertook to discharge certain tax liens, but failed to comply with the agreement, and deeds to the land were executed, the owner supposing that the liens had been discharged, the measure of damages in an action by the owner is the value of the land when the time of redemption from tax sale expired.

*Appeal from Jones District Court.*

THURSDAY, JUNE 15.

The plaintiff being the owner of certain land in Jones

county, conveyed the same to the defendants, Le Roy C. Wilkins and S. C. Wilkins, as security for money advanced and to be advanced by said defendants, and applied in payment of certain mortgages and tax liens upon the property. No part of the money so loaned came into the hands of the plaintiff, but a part of it was paid out directly by defendants in discharge of liens, and a part was retained by them. At the time of the loan the land had been sold for taxes for two or three years prior to 1871, but the period of redemption had not yet expired. The amount borrowed was enough to discharge all liens, and to redeem from said sales; and defendants, after the execution of said deed given as security, retained in their hands the money necessary to redeem, under an agreement with plaintiff that they would redeem. The defendants, however, failed to redeem, and tax titles accrued against part of the land, whereby it became lost to the plaintiff, except forty acres which defendants purchased for plaintiff after the time of redemption expired.

The plaintiff asks that defendants should be required to account to plaintiff for the value of the land lost under the tax titles, offers to pay any amount which may be found due from her, and prays that defendants be required to convey to her so much of the land conveyed by her to them as they still hold the title to.

The defendants pray for judgment and decree of foreclosure for the money loaned. The plaintiff by replication pleads usury. The District Court sustained the plea of usury, disallowed the plaintiff's claim for damages for loss of land under the tax titles, and rendered judgment and decree of foreclosure for the defendants for the amount loaned and remaining unpaid, to-wit: the sum of $1,136.36, and rendered judgment in favor of the school fund for $160. Plaintiff appeals.

*E. Keeler*, for appellant.

*Sheehan & McCarn*, for appellees.

ADAMS, J.—The deed from plaintiff to defendants contained

a covenant of warranty that the premises were free from in-

**1. CONVEY-ANCE: cove-nant: satis-faction of.** cumbrances. The defendants claim that plaintiff cannot now be allowed to show that there were incumbrances in contravention of the covenant in the deed.

The money, however, which was borrowed by plaintiff and secured by the said conveyance, was sufficient to pay the incumbrances. As between plaintiff and defendants, there-fore, it was free from incumbrances within the meaning of the covenant. Where the covenantor furnishes the covenantee money sufficient to discharge a specific incumbrance, and the covenantee undertakes to discharge it, the covenant is satis-fied. In this case, the moment the loan was effected the money loaned became plaintiff's money, although she allowed it to remain in defendants' hands for the discharge of the incumbrances in question.

Had she made a sale and absolute conveyance to defend-ants with the same covenant against incumbrances, and in-cumbrances existed, but plaintiff advanced to defendants money to discharge them, with an agreement upon their part that the money should be so applied, and the money through their fault was not so applied, it would hardly be claimed that under such circumstances plaintiff would be liable to defendants for breach of the covenant. As between plain-tiff and defendants, the incumbrances would have been dis-charged so far as the covenant was concerned. We think, therefore, it was proper for plaintiff to show that of the money borrowed by her of defendants they retained enough to discharge the incumbrances in question, under an agree-ment to dischage them, and that they failed to do it.

There only remains to be considered what is the measure of their liability. Where one person furnishes money to an-

**2. ——: ——: measure of damages.** other to discharge an incumbrance from the land of the person furnishing the money, and the person undertaking to discharge the incumbrance neglects to do it, and the land is lost to the owner by reason of the in-cumbrance, the measure of damages may be the money fur-nished, with interest, or the value of the land lost, according

to circumstances. If the land owner has knowledge of his agent's failure in time to redeem the land himself, his damages will be the money furnished with interest.

But if the land owner justly relies upon his agent, to whom he has furnished money to discharge the incumbrance, and the land is lost without his knowledge, and solely through the fault of the agent, then the agent will be liable for the value of the land at the time it is lost.

In the present case we think the land was lost wholly through the defendants' fault, and without any knowledge on the part of the plaintiff that the land had not been redeemed from the tax sales.

Evidence was introduced to prove the value of the land so lost, on the 18th of November, 1874, the day on which plaintiff offered to redeem from defendants. We think plaintiff should have shown what was the value of the land at the time when the time of redemption from tax sales expired. From that time the plaintiff was virtually divested of her title. She might not have been dispossessed then; but from that time she could not sell the property. She should, therefore, be allowed the value of the property at that time, with interest at six per cent. Whether anything should be deducted therefrom on account of any rents and profits she has received, if any, we will not now determine, as no such question has yet been raised.

We think the defendants' claim against the plaintiff was usurious, and the judgment of the court below in favor of the school fund will be allowed to stand. The finding of the court below as to the amount due on the mortgage will also be allowed to stand. The case must be remanded for the purpose of taking testimony in regard to the value of the property lost under the tax sales at the time it was lost. The defendants should be charged with the value of the property and interest, and a balance struck between the parties and a decree rendered accordingly.

REVERSED.

Justice ROTHROCK does not concur.