WACHENDORF ET AL. V. LANCASTER ET AL.

1. **Practice in Supreme Court:** FINDING OF REFEREE UNDER CONFLICTING EVIDENCE NOT DISTURBED. The finding of fact made by a referee upon conflicting evidence will not be disturbed on appeal to this court.

2. **Vendor and Vendee:** COVENANT AGAINST INCUMBRANCES: PAROL TO SHOW CONTEMPORANEOUS EQUITABLE DISCHARGE OF INCUMBRANCE. Plaintiffs and defendants exchange properties by a parol contract, pursuant to which deeds were made with covenants against incumbrances. In a cross-action by defendants for a breach of the covenant in the deed to them, based on the fact that there was a mortgage upon the property, *held* that it was competent for plaintiffs to show by parol evidence that in the exchange property was left in defendant's hands, equal in value to the amount of the mortgage, for the purpose of discharging it. Compare *Blood v. Wilkins*, 43 Iowa, 567.

3. **Costs:** ACTION AND CROSS-ACTION: CLAIMS IN EQUIPOISE: COSTS DIVIDED. When there is an action and cross-action, and the demands of the parties against each other are found to be in equipoise, the costs may properly be divided.

*Appeal from Clayton Circuit Court.*

TUESDAY, JUNE 9.

THIS action was commenced in 1875 to recover damages for an alleged breach in the convenant against incumbrances in a deed to a lot in the town of Buena Vista, Clayton county. The incumbrance complained of consisted of a railroad, which was built and maintained across a portion of the lot. The defendants by an answer and cross-bill claimed damages of the plaintiffs for the breach of the convenant against incumbrancee in a deed to forty acres of land. The incumbrance which the defendants complained of consisted of a mortgage upon the land conveyed to them. The cause was referred to James O. Crosby, Esq., to try and determine. The referee reported that the plaintiffs were damaged in the sum of $400 by reason of the incumbrance on the lot, and that the defendants were not entitled to recover upon their cross claim. The amount of the recovery allowed to the

plaintiffs was set off against the amount due on a mortgage which the plaintiffs had executed to the defendants upon said town lot. The referee further reported that, as the amounts due to plaintiffs and defendants from each other were equal, the costs should be equally divided between them. The report of the referee was approved and ratified by the court. The plaintiffs appeal, because the amount allowed as damages for the incumbrance on the lot was insufficient, and the defendants appeal because they were not allowed any damages for the alleged breach of convenant in the deed to the land.

*S. P. Adams* and *A. Chapin*, for plaintiffs.

*Noble & Updegraff*, for defendants.

ROTHROCK, J.—It appears from the evidence that the transaction out of which this litigation had its origin consisted of an exchange of certain lands in the state of Wisconsin, owned by the plaintiffs, for the town lot in Buena Vista, owned by the defendants. The parties in making the barter and trade estimated the Wisconsin property at $4,000, and the town lot at $3,000. The plaintiffs claim that the evidence shows that the lot was depreciated in value one half by reason of the incumbrance, and that, as the parties fixed the value at $3,000, the recovery should have been $1,500. It is true, there was evidence to the effect as claimed by the plaintiffs. But there was other evidence to the effect that the damage was very much less than was found by the referee. Upon the trial neither party presented any equitable issue. The case as tried consisted of purely legal claims for breaches of convenants in deeds. We are not disposed to disturb the finding of the referee on this question of fact. The report finds ample support in the evidence. Indeed, we think the allowance made to plaintiffs was very liberal.

*1. PRACTICE in supreme court: finding of referee under conflicting evidence not disturbed.*

II.   The evidence shows that, in computing the values of the property and in ascertaining the difference or boot money between the property exchanged, the defendants were to pay the mortgage upon the forty acres of land of which they now complain.   It is urged by the defendants that the plaintiffs are bound by the convenant against incumbrance, and that it cannot be varied by parol evidence.   The contract of exchange was in parol, and the parol evidence was explanatory of the consideration paid for the land.   The effect of the parol evidence was to establish the fact that, by the exchange, property in value equal to the mortgage was placed in the defendant's hands with which to pay off and discharge the mortgage.   This question is not different in principle from that determined in *Blood v. Wilkins*, 43 Iowa, 567.

**2. VENDOR and vendee: covenant against incumbrances: parol to show contemporaneous equitable discharge of incumbrance.**

We think the parol evidence was properly admitted.   It must be remembered that this action is between the immediate parties to the deed in which it is claimed there is a breach of convenant.   As the referee found that the claims of the parties were in equipoise, we will not disturb the order as to costs.   The judgment of the court below will be

**3. COSTS divided.**

AFFIRMED.