## DAVID J. EVANS, Appellee, v. FRANCIS M. DUNCAN, Appellant.

**Deed:** COVENANTS: EVIDENCE OF PRIOR ORAL AGREEMENT. The defendant sold certain real estate to C. under a parol agreement that the latter should assume and pay certain incumbrances thereon. At the request of C. the deed was made to the plaintiff as grantee, to secure him for money advanced to C., and the plaintiff took the deed as security, with knowledge of the agreement

.between the defendant and C. The plaintiff having brought an action upon an alleged breach of the covenants of warranty in the deed because of the incumbrances assumed by C., *held*, that proof of the parol agreement between the defendant and C. was not admissible to contradict the recitals in the deed.

*Appeal from Marshall District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, MAY 13, 1891.

ACTION upon the covenants of warranty in a deed from the defendant to the plaintiff, alleging a breach thereof because of liens for unpaid taxes and an unsatisfied mortgage, and that the plaintiff had paid the same to his damage. There was an answer denying that the sale was to the plaintiff, and alleging that it was to Mrs. Florence C. Crawford by parol agreement, whereby she agreed to assume and pay said taxes and mortgage as consideration for the property; that the plaintiff's name was inserted in said deed as grantee, at Mrs. Crawford's request, as security to him for money advanced by him to her to pay on the purchase; and that he received said deed as such security, and with knowledge of, and subject to, her agreement to pay said incumbrances. The plaintiff demurred to the answer upon several grounds that may be summed up, as that it seeks to vary and contradict the terms, conditions and covenants of the deed by prior oral contracts. The demurrer being sustained, and the defendant electing to stand upon his answer, judgment was entered against him, from all of which he appeals.—*Affirmed.*

*Volney Kent,* for appellant: A deed is not evidence of the contract between the grantor and the grantee. *Puttman v. Haltey,* 24 Iowa, 425; *Trayer v. Reeder,* 45 Iowa, 273; *Lewis v. Day,* 53 Iowa, 575; 1 Jones on Mort., sec. 750. The contract of sale is in parol and explanatory of the consideration of the deed. The actual consideration may be shown to be different from that expressed in the deed. *Safford v. Whipple,*

3 G. Greene, 261; *Hall v. Perry*, 3 G. Greene, 579; *Jones v. Smith*, 6 Iowa, 229; *Lawton v. Buckingham*, 15 Iowa, 22; *Puttman v. Haltey*, 24 Iowa, 425; *Harper v. Perry*, 28 Iowa, 57; *Trayer v. Reeder*, 45 Iowa, 272; Martindale's Conveyances, sec. 79. Parol evidence is admissible in an action at law as well as in equity to show that a deed, absolute upon its face, was intended as a mortgage. *McAnnulty v. Seick*, 29 Iowa, 586. A resulting trust may be proved by parol evidence. *Kranth v. Thiele*, 18 Atl. Rep. 351; *Cutler v. Tuttle*, 19 N. J. Eq. 549; *Bryant v. Hendricks*, 5 Iowa, 256; *Kincell v. Fieldman*, 22 Iowa, 363. A voluntary payment by a mortgagee of claims against the mortgaged property, which is not necessary for his own protection that he should pay, does not entitle him to be subrogated to the rights of the creditors whose liens he has discharged. 1 Jones on Mort., sec. 878; *Bayard v. McGraw*, 1 Bradw. (Ill.) 134. The damages for a breach of the covenants of a mortgage only entitle the holder of the mortgage to recover the amount due him on the mortgage. 1 Jones on Mort., sec. 68.

*J. F. Meeker*, for appellee: The terms and conditions of a written contract cannot be changed or varied by any prior or contemporaneous parol agreements, or understanding between the parties. 1 Greenleaf, Ev., secs. 275, 277; *Atkinson v. Blair*, 38 Iowa, 156; *American Emigrant Co. v. Clark*, 47 Iowa, 674; *Johnson v. Walker*, 60 Iowa, 320; *Barhyat & Co. v. Bonney*, 55 Iowa, 718. It cannot be shown by parol that a contract or deed executed by one person, or received by one person, was in fact executed or received as the agent or trustee of another. *Harkens v. Edwards & Turner*, 1 Iowa, 431; *Davidson & True v. Gaslight Co.*, 24 Iowa, 422; *Bryan v. Brazil*, 52 Iowa, 350; *Wing v. Glick*, 56 Iowa, 474, and cases cited; *Junge v. Bowman*, 72 Iowa, 648. It cannot be shown by parol that there was a parol contract excepting a certain incumbrance from the covenants in the deed against incumbrances. Rawle on Covenants, pp. 128, 130, and note 2. If the

deed does not contain the real contract between the parties, on the grounds of fraud or mistake, equity alone can grant relief by reforming the deed. *Johnson v. Walker*, 60 Iowa, 320 ; *Myers v. Munson*, 65 Iowa, 425. The terms and conditions of a deed cannot be varied by parol to change the effect of a deed, nor can a different consideration be shown than that expressed in the deed varying its effect. *Isett v. Lucas*, 17 Iowa, 503 ; *Henderson v. Henderson*, 13 Mo. 152 ; *Dunbar v. Stickler*, 45 Iowa, 386 ; *Lewis v. Day*, 53 Iowa, 576. The consideration may be shown between the original parties, but is not admissible in a suit against the original grantor by one to whom his grantee has transferred the land. *Shorthill v. Ferguson*, 44 Iowa, 251 ; *Greenvault v. Davis*, 4 Hill, 643.

GIVEN, J.—The defense pleaded is that the sale was by parol agreement, and to Mrs. Crawford ; that by that agreement she assumed to pay these incumbrances as part of the purchase price. As showing that the plaintiff holds subject to this defense, it is alleged that his name was inserted as grantee merely as security to him for money advanced to Mrs. Crawford to pay on the purchase, and that he received the deed with knowledge of and subject to her oral agreement to pay the incumbrances. The contention is whether the defendant is entitled to prove either of these allegations, as against the deed. The deed is absolute and unlimited, both as to the grantee and the covenants of warranty. There is no question but that the general rule is that the terms of a written contract cannot be changed or varied by any prior or contemporaneous parol agreements. The appellant cites and relies upon cases holding that the actual consideration may be shown to be different from that expressed in the deed, and that a conveyance absolute on its face may be shown to be a mortgage. The question under consideration is whether the defendant may show, as against the unlimited covenants in his deed, a parol agreement with Mrs. Crawford as an exception or limitation to them. Whatever

his rights might be, as between him and Mrs. Crawford had the same deed been to her, we are clear that he cannot be permitted to contradict the express and unlimited covenants in the deed to the plaintiff by a parol agreement with Mrs. Crawford. The case is unlike any to which we have been referred, or that we have found, in that the parol agreement set up is with another than the grantee. In *Blood v. Wilkins*, 43 Iowa, 565, and *Wachendorf v. Lancaster*, 66 Iowa, 458, relied upon by the appellant, the agreement as to incumbrances was between the parties to the conveyance. This view of the case renders it unnecessary that we consider other questions discussed.

Our conclusion is that the judgment of the district court should be AFFIRMED.