LOTTIE A. ORR v. A. J. MOORE, *et al.*, Appellants.

**Suit for Purchase Price:** ESTOPPEL: An owner of certain property agreed with a purchaser to transfer the property to him under a deed warranting against all incumbrances. The deed was to remain in escrow until the grantee had paid certain taxes which were liens on the land, and it was delivered to him upon his representation that all were paid. *Held*, that a special assessment which the grantee had not paid at the time when the deed was delivered to him, but which he subsequently paid without protest, and which he did not present as a claim against the grantor's estate after the grantor's death, cannot be set up as a counterclaim in an action to collect the amount due on the purchase price.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

SATURDAY, MAY 14, 1898.

THE plaintiff is the surviving widow of C. C. Orr, deceased, who died February 12, 1893. On the fifteenth day of July, 1891, C. C. Orr and wife executed to A. J. Moore, as trustee for Hornick, Hess & Moore, a warranty deed for certain premises; and Moore, for the purchase price, executed to C. C. Orr twenty notes, and a mortgage on the conveyed premises to secure their payment. The notes were paid, except the last of the series, which is for one thousand, nine hundred and forty dollars, with interest; and this action is upon said note, and asking for a foreclosure of the mortgage. The plaintiff now owns the note and mortgage. The answer admits the making of the note and mortgage, and, by way of counterclaim, says that by the terms of the deed there is a covenant against incumbrances,

and that at the date of the deed there were incumbrances on the land, because of special assessments for street improvements, so that the amount thereof, already paid by Hornick, Hess & Moore, and to be paid, amounts to one thousand, seven hundred and nineteen dollars and sixty cents; and there is an offer to pay any difference that may be found in favor of plaintiff between the amount of such incumbrance and the amount due on the note. In a reply it is made to appear that it was agreed that the defendants should pay off all taxes and special assessments then a lien on the land before the deed should be delivered, and that, in pursuance of such agreement, Orr delivered the deed to the conveyancer to be delivered upon the payment of such taxes and assessments, and that the same was delivered upon the representations of defendants that such payments had been made; and it is urged that defendants are estopped to claim damages because of a breach of the covenants in the deed. Other matters are pleaded, which, if necessary, will be noticed in the opinion. The district court gave judgment for plaintiff for the amount due on the note, with a decree of foreclosure. The defendants appealed.—*Affirmed.*

*J. S. Lothrop* for appellants.

*Lynn & Foley* for appellee.

GRANGER, J.—There is some contention as to the competency of the evidence in the record, which we need not notice, as we may disregard what appears to be improperly there, and portions of it must be disregarded. The main contention in the case by appellants is as to the conclusiveness of the deed on the question of their right to recover for a breach of its covenants; the point being that its terms, being express

covenants against incumbrances, cannot be contradicted or changed by parol evidence, and many authorities are cited, claimed to support such a rule as applicable to this case. The claims and citations, however, do not appear to be directed to the particular issue we have set out in the statement, and which we think is controlling in the case, with the facts as we find them to be. That, before the deed was made the parties understood —in fact, agreed—that the land should be taken without any incumbrances that might be against it, by way of assessments, we have no doubt whatever. The acts of the parties for a long time after strongly sustain such a conclusion. What we wish to be understood as saying is this: That the parties well understood that Orr was to pay no incumbrances that might be on the land. When the deed was made, there were taxes that were an incumbrance; but defendants did not want the deed to show an exception as to the covenants of warranty because it was the purpose to plat the land into lots for sale; and so the deed was to be held by Henderson, who wrote it, till the incumbrances should be removed, and then to be delivered. Defendants paid the taxes, other than special, and claimed the deed; and Henderson, not having thought about special assessments, delivered the deed, when, had he known or thought of them, he would not, for he so says; and he testifies that the agreement was that all liens and incumbrances were to be paid by the parties getting the deed, before it should be delivered. He is somewhat contradicted in this, but the corroborating facts sustain him. It was really a deal commencing in 1889, when Orr gave possession of the land,— to other parties, it is true; but these defendants succeeded the former purchasers, with slight modifications of the contract; and the conveyance to defendants was a practical carrying out of the original agreement to deed, at which time the assessments in question were not liens. After the delivery of the deeds, as

the installments of the assessments became due they were paid by defendants, with no complaint. In 1893 Orr died; and his estate was settled,—being solvent,— with no claims because of such a breach of his covenants being presented. We speak of these facts as sustaining the conclusion that, when the deed was left with Henderson for delivery when incumbrances should be removed, it was understood that all incumbrances were included. It may be true that neither party at that time thought of these special assessments; but the acts of defendants in making these payments in the way they were made supports the conclusion that it was understood that Orr was not to pay any incumbrances, and that, even though defendants innocently represented the incumbrances as paid, the obtaining of the deed was wrongful, and should estop a claim in direct violation of the agreement upon which it was to be delivered. The intention was that the deed should be taken with the incumbrances paid, so that Orr could not be liable under the terms of his covenants in the deed; that is, that the facts should be made to harmonize with the conditions as expressed in the deed, and then the deed become operative. The most favorable state of facts to appellants is that the deed was called for, and accepted, believing the agreement as to removing incumbrances had been complied with; and, if this is true, no known rule of law would permit them to take advantage of such a delivery to avoid their obligations. We do not overlook the fact that there is some testimony to show that before Orr died his attention was called to the matter, and he acknowledged his liability for assessments, but such a fact does not appear by competent proof. The judgment is AFFIRMED.