(83 N. W. Rep. 237.)

---

JEAN B. LADEROUTE *vs.* JULIA CHALE, *et al.*

Opinion filed May 25, 1900.

### Deed—Covenants—Breach—Assumption of Debt.

The defendants conveyed to the plaintiff a tract of land by a deed of warranty embracing, in addition to the usual covenant for peaceable possession and quiet enjoyment, the following, as to incumbrances: "That the same are free from all incumbrances, except a first mortgage for two hundred and fifty dollars." Said mortgage had been placed upon the premises by a former owner, and was given to secure a loan of $250, to be paid in five years, with interest at the rate of 10 per cent. per annum. A note for the principal sum, with interest at 7 per cent. per annum, payable annually until the maturity of the principal debt, was given by the borrower, and the mortgage referred to in the deed was given to secure such note. The borrower also gave the lender a series of notes falling due concurrently with the interest payments payable upon the 7 per cent. note. Said small notes drew no interest prior to their maturity, and in their total aggregated $35.50, which amount represented the total interest on said principal sum computed at 3 per cent. per annum for five years. A mortgage in the usual form was given to secure said series of small notes. Said mortgage was not referred to in said deed, and neither the grantors nor the grantee knew of the existence of this mortgage at or prior to the date of the delivery of the deed to the plaintiff. These mortgages were of even date, and both were given to secure the payment of said loan of $250 and interest, and were part and parcel of one and the same transaction. Under the terms of the sale contract, the plaintiff assumed and agreed to pay said debt of $250, as a part of the consideration and price of the land, and at that time plaintiff knew that the debt drew interest at the rate of 10 per cent. per annum. Plaintiff, after paying interest on the principal for a period of three years at 10 per cent.,

ceased to pay interest, and subsequently said small mortgage was foreclosed, and said premises were sold for a balance of $18.50 then due, and secured by said small mortgage. The premises were not redeemed from the sale, and plaintiff was evicted from the premises under a title acquired under said foreclosure. Plaintiff sues to recover, as damages, the amount of the purchase money paid by him to defendants, with interest, and alleges a breach of defendants' covenant for peaceable possession and quiet enjoyment, arising by reason of plaintiff's eviction from the land by title paramount. *Held,* that plaintiff cannot recover. The small mortgage was given to secure the principal debt and interest, which plaintiff had agreed to pay, and which debt thereby became the plaintiff's debt. Under such circumstances, the covenants sued upon did not refer to or cover either of the mortgages given to secure the debt so assumed by the plaintiff.

Appeal from District Court, Cavalier County; *Sauter,* J.

Action by Jean B. Laderoute against Julia Chale and John B. Chale. Judgement for defendants. Plaintiffs appeal.

Affirmed.

*J. C. Monnet,* for appellant.

*W. J. Kneeshaw,* for respondents.

WALLIN, J. This action is brought to recover damages for an alleged breach of a covenant of warranty of peaceable possession and quiet enjoyment. The action was tried without a jury, and judgment was entered in the District Court dismissing the action, with costs against the plaintiff. The record embraces all the evidence, and the appellant asks a trial anew in this court.

The facts which we regard as controlling the result in this court may be briefly stated as follows: The land involved in this controversy was on April 10, 1889, owned in fee simple by one Jean B. Rivard, who on said date negotiated and obtained a loan of $250 from the Fargo Loan Agency, and by the terms of which loan the principal sum borrowed was to become due in five years from said date, and interest thereon at the rate of 10 per cent. per annum upon the principal was agreed to be paid annually in installments. By an agreement entered into between said borrower and lender, said loan was secured as follows: By a note for $250 falling due in five years from said date, and drawing interest at the rate of 7 per cent. per annum, payable annually. Said note was signed by said Rivard and his wife, and was made payable to the Fargo Loan Agenecy. To secure the payment of this note, said Rivard and his wife executed a mortgage upon said land, and delivered the same to said Fargo Loan Agency, in whose favor it was made. Said mortgage embraced the usual covenants, including a power of sale, which power became operative, by its terms, upon a default in the payment of such interest, as well as upon other conditions set forth in the instrument. To further secure the payment of interest on said principal sum borrowed, and at the agreed rate of 10 per cent. per annum, said Rivard and his wife on said 10th day of April, 1889, made and delivered to said Fargo Loan Agency another

mortgage on said real estate, to secure a series of annually maturing interest notes, and bearing the same date as the principal note, and which last-mentioned series of notes aggregated at their maturity the sum of $37.50, which amount was the total of the interest to be paid on said principal sum of $250 for a period of five years, when computed at the rate of 3 per cent. per annum. Said last-mentioned mortgage also contained, among other stipulations, a power of sale, to become operative upon default in paying said last-mentioned notes, or either of them. The mortgage first described was filed for record April 24, 1889, and the mortgage last referred to was filed May 5, 1889; but both of said mortgages and both series of notes were given and received as part and parcel of the same loan transaction, viz: as security for the payment of said loan of $250, together with interest thereon at the stipulated rate of 10 per cent. per annum, and said securities were given for no other or different purpose. Subsequently, and while both of said mortgages were outstanding and unpaid, the land in question was conveyed to said defendant Julia Chale; and still later, and on the 22d day of September, 1889, said Julia Chale and said defendant John B. Chale, who is her husband, conveyed said premises to the plaintiff by their joint deed, which deed embraced, in addition to the usual covenants for peaceable possession, quiet enjoyment, and warranty, the following covenants as to incumbrances: "That the same are free from all incumbrances, except a first mortgage for two hundred and fifty dollars." It appears and is conceded that the purchase price of said premises was $800, and that said sum of $250 was included in the purchase price, and agreed to be paid by the plaintiff. The plaintiff paid upon said purchase price the following amounts, viz: $50 in the year 1891; $400 in the year 1892; and $100 was paid in land in the year 1893. No part of said principal sum of $250 was ever paid, and none of the notes secured by said mortgage for $37.50 which fell due after the year 1891 were ever paid, and none of the coupon interest notes annexed to said 7 per cent. note were ever paid after the year 1892. It further appears that by reason of the plaintiff's default and neglect to pay the notes maturing after the year 1891, and secured by said mortgage for the sum of $37.50, said mortgage was foreclosed, by advertisement, for the sum of $18.35, which was the balance claimed to be due upon said mortgage at the date of the foreclosure, after deducting the total amount of certain payments thereon theretofore made by the plaintiff. At such foreclosure sale said Fargo Loan Agency was the purchaser, and, said premises never having been redeemed from the foreclosure sale, said Fargo Loan Agency received a sheriff's deed of the premises, and thereby became vested with the title to said premises in fee simple. The foreclosure sale was made and the sheriff's certificate of sale delivered on the 7th day of October, 1893; and thereafter, and after the year of redemption had expired, but before the sheriff's deed was delivered, and on the 1st day of February,

1895, said Fargo Loan Agency entered into a contract of sale of said premises, whereby it agreed to sell said premises to one Samuel Clairmont for the sum of $600, to be paid in installments, and whereby said Clairmont was to have the immediate possession of said premises. Subsequently, and in the month of March, 1895, and upon the repeated demands of said Clairmont for the possession of said land, the plaintiff yielded possession to said Clairmont, and possession thereof was taken by said Clairmont under his said contract. On the 6th day of July, 1896, a sheriff's deed of said premises was delivered to the Fargo Loan Agency pursuant to said foreclosure sale, and which deed was thereafter duly recorded. Plaintiff alleges that, while he was in possession of said premises under his said deed, he improved the same by clearing and breaking the same, and that such improvements were worth the sum of $200, and that in the season of 1894 he plowed 75 acres of said land, which was worth $1.50 per acre. Plaintiff demands judgment for these amounts, in addition to the $550 paid on the purchase money, and $94 paid as interest thereon, making a total of $956.50.

The trial court made the following finding of fact, among others, which we think is supported by a preponderandce of the testimony: "That one Jean B. Rivard borrowed from the Fargo Loan Agency the sum of $250, and, for the purpose of securing said sum, executed two mortgages to the Fargo Loan Agency, one for the sum of $250 and one for $37.50 (the former bearing seven per cent. interest, and the latter being for three per cent. interest for the five-year term, spread over that period, and payable in installments yearly), and that although the same were made in two mortgages, as is customary by some loan companies, the loan was simply for the amount of $250 at ten per cent. interest, the second mortgage represented merely three per cent. of the ten per cent. interest, and plaintiff had full knowledge of the fact; that the said mortgage or total amount due under said mortgage was $250, with interest at ten per cent., and that plaintiff for several years after the purchase of said property continued to pay the interest coupons on the $250 mortgage at seven per cent., and the yearly installments on the second mortgage for $37.50, being the ten per cent. interest on the $250 loan, and it was the intention of the parties, in executing said deed and instrument, to except the said mortgage for $250, with interest at the rate of ten per cent., and including the $37.50 second mortgage,—the same being really a part of the first mortgage, and a part of the ten per cent. interest due thereon." It does not appear that the plaintiff was specifically informed or knew at or prior to the time he received his said deed of warranty that a second mortgage for $37.50 was a lien upon the premises. In fact, the contrary appears. But it is likewise established that the plaintiff knew and fully understood when he received his deed that there was a mortgage of $250 against the land, and that said amount drew interest at the rate of 10 per cent. per annum. The payment of this mortgage,

including the interest, was assumed and agreed to be paid by the plaintiff as a part of the purchase price of the land, and for several years after the delivery of the deed the plaintiff paid interest on the $250 mortgage at the stipulated rate of 10 per cent. It is true that the evidence shows that the plaintiff is an ignorant Frenchman, who cannot read or write the English language, and that during the period in question said defendant John B. Chale was the friend and business adviser of the plaintiff, and did most of plaintiff's business. It is further true that the plaintiff did not personally remit the interest payments made by him, but that he brought the interest money to John B. Chale, and the latter remitted the same for him to the Fargo Loan Agency. But in this respect it does not appear that the plaintiff was deceived or was attempted to be misled in any way. Much less does it appear that he did not know when the payments were made that he was paying interest on the $250 mortgage at the rate of 10 per cent. per annum. The record shows that the plaintiff not only knew that the $250 which he agreed to pay drew interest at 10 per cent. per annum, but there is no evidence whatever which indicates that he was ever misled as to the rate of interest agreed to be paid upon said amount of $250. The testimony is undisputed that interest at the rate of 10 per cent. per annum was paid by the plaintiff on the $250 mortgage for three years, and that he knew that it was so paid, and furnished the funds to pay it. Nor is it claimed that plaintiff did not know and have actual knowledge that the premises were being advertised for sale, and would be sold at foreclosure sale for a sum insignificant in amount. He testified not only that he knew the sale would be made, but to the further fact that he did not redeem from the sale because he was unable to do so. It seems, too, that plaintiff had the advice of an attorney, and that, acting upon such advice, he deliberately elected to allow the title to pass from himself to the purchaser at the foreclosure sale, and by so doing expected to lay the foundation to recover back at least the entire purchase money paid by him, with interest thereon, in an action to be instituted upon the covenants in his deed of conveyance.

Upon the state of facts thus narrated, the question presented for decision is whether the plaintiff is entitled to recover upon the covenants of warranty embraced in his deed. We have no hesitation in giving to this question a negative answer. In reaching this conclusion, we have not ignored the fact that the mortgage for $37.50, which was foreclosed, was not mentioned as an incumbrance in the plaintiff's deed of warranty, nor the further fact that plaintiff did not know of its existence at or any time prior to his purchase of the land. It is undisputed that neither the plaintiff nor the defendants, the grantors in the deed, had any knowledge of the existence of the small mortgage at any time prior to the sale of the land to the plaintiff. The fact which, in our view, is pivotal in the case, is a conceded fact. It is this: The plaintiff, as a part of his contract of

purchase, agreed to pay the $250 debt, which debt was secured by both mortgages. Such debt, with the interest to accrue thereon at the rate of 10 per cent. per annum, was a part of the purchase price, which plaintiff bound himself to pay; and plaintiff well knew and fully understood that this debt and the accruing interest thereon were an incumbrance upon the land, which he bound himself to discharge. Under such an agreement, as between the convenantors and convenantee, the covenants in the deed as to such debt and interest ceased to have any force or effect as binding covenants. Under the contract of purchase the debt of $250 and interest became the debt of the plaintiff, and for which the plaintiff's land was pledged in payment. It appears in this case, therefore, that a mortgage which secured the payment of plaintiff's own debt was foreclosed for the reason that plaintiff did not meet and discharge his own debt at the time it fell due. An action would lie against plaintiff, in favor of the mortgagee, to recover the debt of $250 and interest, despite the fact that plaintiff's agreement to pay the same rested wholly in parol. See *Moore* v. *Booker*, 4 N. D. 543, 62 N. W. Rep. 608, and opinion page 549, 4 N. D., and page 609, 62 N. W. Rep. The doctrine which controls the case is well established. In Jones upon Real Property, the learned author of that work lays down the rule in the following language (section 980): "Where, upon the execution and delivery of a deed, the purchaser retains the entire consideration, or some part of it, and holds it upon the trust and agreement that he would apply it to the payment of existing incumbrances on the land, which the grantor was bound to pay, in an action for breach of the covenant against incumbrances in a deed evidence of such agreement is admissible in defense of the action. It does not show or tend to show that the incumbrance was not to be paid off by the grantor, but that it was to be paid out of his own money in the plaintiff's hands for that purpose. It does not contradict, vary, or change the effect of the deed or covenant." The rule as thus stated had been recognized and applied in the following cases: *Watts* v. *Welman*, 2 N. H. 458; *Allen* v. *Lee*, 1 Ind. 58; *Medler* v. *Hiatt*, 8 Ind. 171; *Pitman* v. *Conner*, 27 Ind. 337; *Fitzer* v. *Fitzer*, 29 Ind. 468; *Blood* v. *Wilkins*, 43 Ia. 565; *Wachendorf* v. *Lancaster*, 66 Ia. 458, 23 N. W. Rep. 922; *Becker* v. *Knudson*, 86 Wis. 14, 56 N. W. Rep. 192; *Burbank* v. *Gould*, 15 Me. 118; *Laudman* v. *Ingram*, 49 Mo. 212; *Drury* v. *Improvement Co.*, 13 Allen, 168; *Preble* v. *Baldwin*, 6 Cush. 549; *Brackett* v. *Evans*, 1 Cush. 79; *Sidders* v. *Riley*, 22 Ill. 110; *Corbett* v. *Wrenn*, 25 Ore. 305, 35 Pac. Rep. 658. Upon the authorities cited, as applied to the facts embraced in this record, our conclusion is that the plaintiff's action was properly dismissed; and hence the judgment entered in the District Court should be affirmed, and this court will so direct. All the judges concurring.