E. S. JOSEPHINE TAYLOR, APPELLEE, V. W. E. HARVEY ET. AL., APPELLANTS.

FILED JANUARY 3, 1912. No. 16,849.

1. **Taxation:** LIEN OF GENERAL TAXES. Under the revenue laws of Nebraska, general taxes on real estate do not become a lien thereon until October 1st of the year in which they are levied. Comp. St. 1907, ch. 77, art. I, sec. 14.

2. **Deeds:** COVENANTS AGAINST INCUMBRANCES: BREACH: TAXES. In a warranty deed a covenant against incumbrances is not broken by grantor's nonpayment of taxes which do not become a lien on the land conveyed until after the deed is executed and delivered.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*William Morrow*, for appellants.

*L. L. Raymond, James E. Philpott* and *R. C. Hunter*, contra.

Rose, J.

Foreclosure of a purchase-money mortgage on a tract of land in Scott's Bluff county is the relief sought by plaintiff. The trial court rendered a decree in her favor, and defendants have appealed.

September 14, 1908, A. O. Taylor, by warranty deed in which his wife, E. S. Josephine Taylor, joined for the purpose of relinquishing her dower rights, conveyed the land·to W. E. Harvey. The latter and his wife, Cora E. Harvey, are mortgagors, and A. O. Taylor is mortgagee. The mortgage was dated September 14, 1908, and was given to secure a 9,000-dollar note due March 1, 1916, and interest. The same day the mortgage was executed, mortgagee assigned it to his wife, plaintiff herein, and mortgagors deeded the land to the Scott's Bluff Irrigated Land Corporation. The mortgagors and their grantee are defendants. The mortgage provides: "If the taxes and assessments of every nature, which are assessed or levied against said premises, are not paid at the time when the same are by law made due and payable, then * * * the whole of said sum shall immediately become due and payable, without notice, at the election of the mortgagee." Under this provision plaintiff, for defendants' nonpayment of taxes which became a lien on the land October 1, 1908, declared the entire debt to be due and commenced this suit August 31, 1909. The warranty deed executed by plaintiff and her husband contained these words: "We do hereby covenant with the said W. E. Harvey, and with his heirs and assigns, that we are lawfully seized of said premises, and that they are free from incumbrances."

1. In arguing the first assignment of error, defendants assert: The taxes in controversy were assessed and levied and were an incumbrance on the land before plaintiff executed the deed September 14, 1908. Nonpayment thereof was a breach of her covenant against incumbrances. Having herself failed to pay the taxes, she is

not entitled to a foreclosure of her mortgage on account of defendants' failure to pay them. This view of the law cannot be adopted. Though general taxes on real estate are assessed and levied before October 1st, they do not become a lien or an incumbrance at an earlier date. The revenue law provides: "Taxes on real property shall be a first lien thereon from and including the first day of October of the year in which they are levied until the same are paid." Comp. St. 1907, ch. 77, art. I, sec. 14. The lien of taxes is a creation of the legislature. It attaches only at the time provided by statute. The parties made their contracts with reference to the existing laws. When plaintiff executed her warranty deed September 14, 1908, the general taxes for that year had not become a lien. At that time the land was free from the incumbrance of the general taxes for 1908, for the reason that the legislature fixed a later date for making them a lien. Her covenant, therefore, was not broken by her failure to pay them. On the other hand, mortgagors agreed to pay taxes and assessments of every nature when due and payable, on peril of subjecting the mortgage to foreclosure. The general taxes due and payable October 1, 1908, were not paid until after plaintiff sued defendants. In exercising her right to declare the entire debt to be due, therefore, she was within the terms of her contract.

2. Another defense urged is that the county treasurer would not accept the taxes on the mortgaged land without payment also of unpaid taxes on adjoining lands, which plaintiff herself was under obligation to pay. The evidence does not sustain this defense. It is shown without contradiction that taxes levied alone on at least a portion of the mortgaged land, and which became a lien October 1, 1908, were due and unpaid when plaintiff exercised her right to declare the entire debt to be due. For the reason no valid defense was established, a decree of foreclosure was properly rendered.

AFFIRMED.